STATE, Respondent, v. SHEPARD, Appellant.

(138 N. W. 294.)

1. **Criminal Law—Assignments of Error Not Discussed—Abandonment.**

Assignments of error not mentioned or discussed by accused in his brief on appeal will be deemed abandoned.

2. **Homicide—Assault with Intent to Kill—Evidence—Admissibility.**

Where accused and prosecutor had a difficulty, accused pulling a revolver and striking prosecutor, who, pursued by accused, ran into a store, closing the door, accused being prevented from entering, by bystanders, prosecutor then opening the door part way, his head being visible, whereupon accused shot at him; held, the sustaining of an objection to a question on cross-examination of proprietor of the store as to whether prosecutor could have gone out back door was proper, especially since there was no evidence that prosecutor knew he could escape through a back door.

3. **Criminal Law—Record on Review—Statement of Facts in Appellant's Brief.**

The ruling on an objection to a specific question will not be reviewed on appeal, where appellant's statement of facts in the brief fails to show such question, the objection to it, ruling of court and exception thereto, the answer to question, if any, and sufficient surrounding evidence, if any, to show connection in which question was propounded, and also an assignment of error should appear in record and brief. This court will not review or consider such ruling upon an assignment of error alone.

4. **Criminal Law—Instructions—Assumption of Facts.**

The court may, in a criminal case, assume in its instructions facts proved by undisputed evidence; following State v. Kinney, 21 S. D. 390, 113 N. W. 77.

(Opinion filed October 25, 1912.)

Appeal from Circuit Court, Meade County.   Hon. Wм. G. Rice, Judge.

Roy Shepard, the defendant, was convicted of assault with intent to kill, and he appeals.   Affirmed.

*Harry P. Atwater,* for Appellant.

In using the following words: "There is no self defense in it; therefore he was not defending himself because he was not being assaulted," this invaded the province of the jury. It was not for the Court to say whether the act of the defendant was in self defense. This language vitiated every other instruction given by the Court for it took from the jury the entire question of the guilt or innocence of the defendant.

The fourth portion of the instruction to which exception was taken: "If the defendant fired the shot simply to prevent the other party coming out and making any disturbance or assaulting him, he is not guilty of assault with intent to kill or assault with intent to injure but is guilty of simple assault. If you believe he fired the shot at another man or in his direction in such a manner as was liable to hit him and did it for the purpose he says he did it for he is guilty of simple assault and you should so find." The objection being, as stated in the record, for the reason that if the shot was fired to prevent an assault at a time when the defendant believed or had a right to believe he was to be assaulted he had the right to fire the shot and would not be guilty. For the further reason that the instruction invades the province of the jury, taking from the jury all question of self defense.

The seventh portion of the instruction to which exception was taken reads as follows: "When you go out there to your jury room do not say one word about the liar business or his hitting him over the head with the six-shooter because they both violated the law, I want you to simply take up this shooting and return a verdict," for all the reasons stated in the last above exception.

These instructions to which exception has been taken as a whole all invade the province of the jury and all were prejudicial to the right of the defendant. They all assumed as true certain facts many of which were controverted. State v. Barry, 92 N. W. P. 809; Territory v. O'Hare, 44 N. W., 1003, 1st N. D. 30; Aszman v. State, 123, Ind. 347, 24 N. E. 123, 8th L. R. A.

33; Grissel v. Bank of Woonsocket, 12 S. D., 93, 80 W. 161; Subdivision 6, Code Criminal Proc.; Rapp v. Gidings, 57th N. W., 237, 4th S. D., 492; Wood v. Steinau, 9th S. D., 110, 68th N. W., 160; 12th Cyc., 601; Territory v. Kay, 21 Pac. (Ariz.) 152; People v. Strong, 30th Cal., 151; People v. Levison, 16 Cal. 98; People v. AhFung, Id 137; People v. Carabin, 14 Cal. 438; People v. Williams, 17 Cal., 147; People v. Messersmith, 61st Cal., 249; People v. Williams, 17th Cal. 147; Pleading and Practice, Vol. 2, p. 116; State v. Buralli, 71st P. 523, Nevada; People v. Webster, 43, P., 114; State v. Whitney, Hilbert 7th Ore. 386; People v. Schick, 42nd N. W., 1008; Hellyer v. People, 58th N. E. 245; Commonwealth v. Smith, 26th N. E. P. 436; See, also, State v. Lightfoot, 107 Iowa, 344, 78th N. W., 41; State v. Johnson, 6th Kan. App. 119, 50th Pac. 907; State v. Bige, 112 Iowa, 433, 84th N. W., 518; Turner v. Territory, Okla., 69 P. 804; People v. Schodde, 58th P. 859; State v. Walters, Wash. 34th, P. P. 938.

*Royal C. Johnson,* Attorney General, *M. Harry O'Brien,* Assistant Attorney General, and *Claude C. Gray,* State's Attorney, for Respondents.

The objection argued in these assignments is that an attempt is made to give weight and prominence to a portion of the evidence and the following, from 12 Cyc. 603, is quoted: "As a general rule it is not error for the Court, in charging, to recite the evidence, or to state what a witness has testified to, if he informs the jury that they are to be guided by their own recollections of the evidence, and that they are the exclusive judges of the truth of the testimony, and leave them to draw their own conclusions, and in doing this does not give undue prominence to some evidence or overlook other evidence equally important."

In this connection the attention of this court is called to the instructions of the trial court as found in appellant's brief, and particularly to folios 27-29, thereof. The court did inform the jury that they were the sole and exclusive judges of all questions of fact, etc. "The court, in addition to instructing as to the law, may, and usually should, recall and relate the testimony, and resolve complicated evidence into its simplest element, to aid the jury in applying the law. It need not, however, recapitulate all items of evidence, nor even all evidence bearing on a single question. It

is only necessary to repeat such evidence as will direct the attention of the jury to the principal questions at issue, in order to explain the law applicable to the case. "The court in instructing upon the law based on disputed facts should accompany the instructions with such remarks as will enable the jury to apply the law to the facts claimed to be proved, and it should at the same time instruct them to apply it only upon finding the facts upon which it is based to be true." 12 Cyc. 62; State v. Rose, 47 Minn. 47, N. W. 404; Hannon v. State, 79 Wis. 448, 36 N. W. 1; State v. Summers, 19 S. C. 90; State v. McNeil, 93 N. C. 552; Hanrahan v. People, 91 Ill. 142; People v. Phillips, 70 Cal. 61, 11 Pac. 493; Jones v. State, 53 Ind. 235; Jones v. State, 13 Tex. 168, 62 Am. Dec. 550; State v. Madison, 23 S. D. 584; State v. Summer, 74 Am. St. Rep. 707, 55 S. C. 32.

The question of cooling time is one for the court. Stilwell v. State, 107 Ala. 16.

The objection argued under the 16th assignment is that it is not for the court to say whether the evidence of the defendant was self defense. This portion of the instructions is as follows: "If the defendant fired that shot at that time—if you believed under the evidence that the defendant fired the shot at that time, and intended to hit this man when he fired it, then you should find him guily of assault with intent to kill or intent to do bodily harm because he told you he did not intend to hit him at all, that he fired the shot to keep him away; there is no self defense in it; therefore he was not defending himself because he was not being assaulted."

This language is an instruction on the law of the case. "The court does not invade the province of the jury by stating that there is or is not evidence of particular facts, when by the record it appears that this is the case. The right to state evidence conferred by statute implies the right to state that there is no evidence when such is the fact." 12 Cyc. 603; People v. Sternberg, 111 Cal. 3, 43 Pac. 198; State v. King, 27 Cal. 507; 87 Am. Dec. 95; Jones v. State, 13 Tex. 168; 62 Am. Dec. 550; Territory v. Young, 2 N. Mex. 93; State v. Brown, 119 N. C. 789; 26 S. E. 121; State v. McIntosh, 40 S. C. 349; 18 S. E. 1033; Payne v. State, 60 Ala. 80; State v. Mitchell, 41 La. Ann. 1073, 6 So. 785; Hawkins v. State, 136 Ind. 630; 36 N. E. 419; State

v. Littlejohn, 33 S. C. 599, 11 S. E. 638; People v. Tamkin, 62 Cal. 468; Stanton v. State, (Tex.) 29 S. W. 476.

The court may state to the jury that there is, or is not evidence of a particular fact when the record shows such statement to be true, since whether or not there is any evidence at all as to a fact in issue is a question for the court.   14 Cent. Dig. Sec. 1768; Griffin v. State, 76 Ala. 29; 1, Greenl. on Evi. 49; Chandler v. Von Roeger, 24 How. 224.

Conceding that Perket may have been the aggressor, still one may be at fault in bringing on a difficulty, but if he withdraws from it in good faith and is departing, and the other party pursues him, and brings on the difficulty again by his own fault, the latter cannot invoke the doctrine of self defense, but will be treated as an aggressor ab initio. Stilwell v. State, 107 Ala. 16.

The doctrine of self defense cannot be set up by this defendant under the evidence of this case. The law of self defense is very carefully reviewed in the notes to State v. Sumner, supra, and State v. Gordon, 191 Mo. 114, 89 S. W. 1025, 109 A. S. R. 790, 804; also see State v. Beckner, Mo. 91 S. W. 892, 3 L. R. A. (N. S.) 535. There is no evidence of self defense in this case. The appellant's own testimony precludes any such defense.

The objection argued in assignments Nos. 19 and 20 is the same as have been argued in most of the prior assignments, to-wit: That the instructions invade the province of the jury. The language of these instructions was not as strong as that used in State v. Tarlton, 22 S. D. 495, 118 N. W. 706, and which was held not objectionable.   State v. Sumner, supra; 12 Cyc. 596; 14 Cent. Dig. Sec. 1731; Thomas v. State, 90 Ga. 437, 16 S. E. 94; Yarborough v. State, 68 Ga. 396; 12 S. E. 650; Hemmingway v. State, 68 Miss. 371, 8 So. 317; State v. Fetterer, 65 Conn. 287, 32 Atl. 394; People v. Cannon, 139 N. Y. 645, 34 N. E. 1098; Hill v. State, 63 Ga. 578, 36 Am. Rep. 120; State v. Anderson, 4 Nev. 265; State v. Taunt, 16 Minn. 109; State v. Littlejohn, Supra; State v. Brown, 28 Ore. 147, 41 Pac. 1042; Sharp v. State, 48 Ga. 16; Hannon v. State, 70 Wis. 448, 36 N. W. 1; People v. Sternberg, 111 Cal. 3, 43 Pac. 198; State v. Summers, 19 S. C. 90; Jones v. State, 53 Ind. 235; State v. Day, 79 Me. 120, 8 Atl. 544; People v. Westlake, 62 Cal. 303; People v. Cummings, 113

Cal. 88, 45 Pac. 184; People v. Perry, 65 Cal. 568, 4 Pac. 572; 12 Cyc. 598; 14 Cent. Dig. Secs. 1735, 1749.

"An instruction is not erroneous as invading the province of the jury because it assumes the existence of facts which are expressly admitted by the accused, or which are established by uncontradicted evidence, or which are clearly and conclusively established by the evidence beyond a reasonable doubt; but it is otherwise where an instruction assumes material facts to be proved of which there is no evidence, or upon which the evidence is contradictory or controverted." 12 Cyc. 601; 14 Cent. Dig. Sec. 1754-5; Hawkins v. State, 136 Ind. 630, 36 N. E. 419; Hanrahan v. People, 91 Ill. 142; People v. Phillips, 70 Cal. 61, 11 Pac. 493; State v. Day, 79 Me. 120, 8 Atl. 544.

Where the evidence conclusively shows the defendant guilty slight error in the instructions, if any, should not be held reversible error. State v. Witherow, 15 Wash. 563, 46 Pac. 1035; Citing Ty. v. Gay, 2 Dak. 125, 2 N. W. 477.

McCOY, P. J. Appellant was convicted of the offense of assault with a firearm wit hintent to kill one Perkett, and has appealed, alleging error. From the record it appears that appellant and Perkett met in the street in front of a hardware store in the town of Faith, Meade county; that appellant said something to Perkett about having made misrepresentations, whereupon Perkett called appellant a liar, and that he was there to back up his statement, and commenced taking off his coat; that appellant also commenced taking off his coat, but quit removing his coat and pulled a revolver, and struck Perkett twice over the head with the same; that, after being so struck, Perkett turned and fled into the hardware store, pursued by appellant. Bystanders interfered, and prevented appellant from entering the store, and endeavored to take the revolver from him. Perkett closed the door after him, but soon afterwards opened the door part way, so that his head was visible, whereupon appellant fired a shot at him with the revolver, the bullet striking near the side of the door near Perkett's head. At the time the shot was fired Perkett had a post hole auger in his hands. Appellant himself testified: "Perkett was standing in the door when I fired the shot, and, after 1 fired it, he jumped back. I had no intention of hitting him. I am an expert shot. I had no intention of shooting him or killing him.

I had no purpose other than defending myself. I fired the shot
to prevent him from coming out. I did not shoot at him, but to
scare and keep him away from me. I did not shoot very close,
could have shot closer. I was careful where I shot. I was 14 feet
from him when I shot. The gun was a 44 Colts.''

[1] All assignments of error not mentioned or discussed by
appellant in his brief will be deemed abandoned.

[2] On the trial Mr. Vanderley, proprietor of the store in
which Perkett took refuge, on cross-examination, was asked by
appellant's counsel the following question: "Mr. Perkett could have
gone out the back door had he so desired?". To which question
respondent's counsel objected as immaterial, and which objection
was sustained, and appellant excepted to such ruling and now ur-
ges the same as error. We are of the opinion the court ruled
correctly, especially in view of the fact that there is nothing in the
record tending to show that Perkett knew, or had any knowledge,
that he could have escaped through some back door had he so de-
sired.

[3] Appellant also contends that to questions 180, 182 and
197 defendant's objections should have been sustained as imma-
terial. Questions 180, 182 and 197 are not contained in the state-
ment of facts in appellant's brief. Some reference is made to said
questions in the assignments of error. Where a ruling of the
trial court in sustaining or overruling an objection to a specific
question is sought to be reviewed on appeal, the statement of
facts in the brief must show the question objected to and the
gounds of objection, the ruling of the court thereon, and that an
exception was properly taken, the answer to the question, if any,
together with sufficient of the surrounding evidence, if any, show-
ing the connection in which such question was propounded, and
also there must be an assignment of error in the record and brief
properly raising the alleged error on appeal. The appellate court
will not review or consider such ruling upon an assignment of er-
ror alone. The statement of fact contained in the brief must show
all the facts and procedure upon which the assignment of error is
based.

[4] Appellant further assigns as error seven particular in-
structions given by the court to the jury. It will serve no useful

purpose to set out in full herein such lengthy instructions. The principal ground of objection is that the court invaded the province of the jury in stating that certain facts were undisputed, and that there was no self-defense shown by the testimony of defendant. This court held in the case of State v. Kinney, 21 S. D. 390, 113 N. W. 77, that an instruction in a criminal case was not erroneous for assuming facts proved by undisputed evidence. In the present case the facts assumed by the court in his instruction were undisputed, and the instruction complained of clearly within the rule of the Kinney case.

Finding no error in the record, the judgment appealed from is affirmed.