## BREWSTER, Respondent, v. MILLER, Appellant.

### (141 N. W. 778.)

1. **Appeals—Abstract of Record—Assignments of Error—Review.**

   Where questions and objections thereto and court's rulings thereon, involved in assignments of error, do not appear in the abstract, nor any exceptions upon which to base said assignments relating to admission or exclusion of evidence, as required by former Supreme Court Rule 7, such assignments are not properly before this Court for review.

2. **Appeals—Harmless Error—Subsequent Testimony Curing Exclusion of Evidence.**

   Plaintiff, in a suit for breach of contract, testified she had not urged defendant to buy the house. **Held,** that the error, if any, in excluding testimony of defendant seeking to show that

plaintiff had so urged him, was cured by his subsequent testi-
mony that he had never talked with plaintiff about the house.

3. **Sales—Action for Price—Evidence—Irrelevancy.**

In an action for an amount alleged to be due from defendant
in consideration of a deed and a bill of sale of an automobile,
testimony of a witness that he formerly owned the automobile,
that it was second hand, that he had sold it to plaintiff's hus-
band, and was not all paid for when sold, was irrelevant to any
issue involved.

4. **Appeals—Evidence—Exclusion—Harmless Error—Evidence Con-
trary to Appellant's Theory.**

Where defendant, in an action for money alleged to be due
in consideration of a deed of a homestead, had testified that he
had not talked with plaintiff about buying it, the exclusion of
testimony offered by him which would, if received, have shown
he had testified falsely, would not be prejudicial.

5. **Appeal—Review—Presumption—Evidence Not in Abstract.**

Where the evidence is not in the abstract, it will be pre-
sumed that, if plaintiff testified as stated in defendant ap-
pellant's affidavit on motion for new trial, she did so without
objection.

6. **Trial—Argument of Counsel—Misconduct in Stating Evidence.**

In a suit to recover for part of the alleged consideration for
a house and an automobile, where plaintiff, as claimed by de-
fendant, testified, in effect, that her husband had deserted her
immediately after she signed the deed for the house, her attor-
ney's remark to the jury that after the scheme was carried out
and the house was deeded, her husband deserted her, was jus-
tified.

7. **Estoppel—Affidavit—Motion for New Trial.**

Where defendant in his affidavit for a new trial stated that
plaintiff, upon the trial testified, in effect, that her husband
had deserted her immediately after she had signed the deed
for the house described in the complaint, he could not after-
wards claim she did not so testify.

8. **New Trial—Newly Discovered Evidence—Impeaching Party's Own
Testimony.**

A motion for new trial on ground of newly discovered evi-
dence is addressed to court's sound discretion, and where de-
fendant's affidavit upon which his motion was based, contra-
dicted his testimony on the trial, and its chief purpose was to
impeach credibility of plaintiff's testimony, and involved also
collusion between the parties to procure the benefit of a judg-
ment for plaintiff, on the former trial, there was no abuse of
discretion in refusing a new trial.

(Opinion filed May 24, 1913.)

Appeal from Circuit Court, Roberts County. Hon. FRANK McNULTY, Judge.

Action by Clara E. Brewster against George W. Miller, to recover for part of the consideration of an alleged sale of land and personalty by plaintiff and her husband to defendant. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

*Howard Babcock,* for Appellant.

In view of plaintiff's testimony, the defendant had the right to show whether he had ever urged Brewster or the plaintiff to sell the house to him, and to show everything connected with the transaction, and it was error for the court to refuse to permit defendant to answer the questions set out in assignments numbered 2, 3, and 4. By these questions it was sought to show that both plaintiff and her husband had urged defendant to buy the house. Plaintiff had been asked the question on cross-examination, laying the foundation for the questions asked defendant (Record p. 29), and this testimony was material as affecting the credibility of plaintiff's testimony.

Defendant offered the testimony of the witness O. S. Opheim to show the condition and value of the automobile which figured in the transaction. None of the testimony was received. We believe this testimony was material. Plaintiff had testified that defendant offered fifteen hundred dollars for the automobile and the house. It would be unreasonable that he should give fifteen hundred dollars for a six hundred dollar house and a three hundred fifty dollar automobile, and Mr. Opheim's testimony was material as bearing on the probability of plaintiff's story.

Defendant sought to show by the testimony of Casper Kennedy that plaintiff had urged defendant to buy the house so that she and her husband could carry out their plan of going out west and engage in business. This would be inconsistent with the version of the affair given by plaintiff on the stand to the effect that she was urged and cajoled into consenting to the sale of the house, and was material for its bearing upon the credibility of plaintiff's testimony and should have been received for that purpose.

Plaintiff presented the case to the jury on the theory that a conspiracy existed between her husband and the defendant to in-

duce her to sign a deed of the house, and for her husband to
desert and abandon her. In his closing argument to the jury,
plaintiff's counsel stated this directly. There was no evidence
in the record to justify such statement of counsel to the jury.
The improper remark of counsel could not be other than highly
prejudicial to defendant's rights. Nothing is more certain to pre-
vent a fair consideration by a jury of the merits of a controversy
than the suggestion that a women has been wronged. On the
motion for new trial defendant showed by affidavit that the house
was sold to him with the avowed purpose of plaintiff and her hus-
band to go west and look up a different location; that after the sale
plaintiff's husband did go west in accordance with this purpose;
that he did not return until shortly before the trial; that he did
not live with plaintiff at the time of the trial, but that shortly after
the trial he and the plaintiff began living together and so con-
tinued down to the present time. From these facts, it is charged
that a conspiracy existed at the time of the trial between plaintiff
and her husband, the object of which was to let it appear at the
trial that she was deserted and wronged, and after securing this
judgment against defendant that she and her husband would
again live together and enjoy the proceeds of this judgment, as
well as the proceeds of the sale of the property.

*E. J. Turner,* for Respondent.

The defendant called the witness Casper Kennedy to testify
to a conversation which it was supposed that the plaintiff and the
defendant had at the home of plaintiff, as to whether or not the
plaintiff was seeking to sell the property to the defendant. The
defendant had already testified that he had no such conversation
with her and that she never mentioned to him the buying of the
property. Under this state of the evidence there was no error in
the exclusion of this testimony. It did not relate to any of the
conversations under which the plaintiff claims to recover. It is,
not impeaching testimony, for the reason that no foundation seems
to have been laid for it; and it is not material. The affidavit for
new trial is not true. It is in direct conflict with the testimony of
Mr. Miller upon trial of the case.

GATES, J. The complaint in this case alleged that plaintiff
and Herbert Brewster were husband and wife, the owners of cer-
tain lots in Sisseton, S. D., occupied by them as a homestead, and

the owners of an automobile; that in June, 1911, plaintiff and her husband sold said premises and automobile to defendant; that "it was expressly agreed by and between said defendant and this plaintiff that defendant would, in consideration of the execution and delivery of the deed and bill of sale hereinafter mentioned, pay to plaintiff, over and above all moneys which he had agreed to pay to said Herbert Brewster, the sum of $1,000, and that the same should be paid to this plaintiff in person only; that pursuant to said agreement said plaintiff did execute and deliver jointly with said Herbert Brewster a deed of the above-described premises and a bill of sale of said automobile to the said defendant, and that said automobile was delivered to and accepted by said defendant;" and that said sum had not been paid. The answer admitted the marriage; denied that plaintiff was the owner of any interest or part in said real estate; alleged that same was purchased jointly by Herbert Brewster and Carleton Brewster prior to its purchase by him; denied that plaintiff was the owner of any interest in the automobile; alleged that the same was purchased and owned by plaintiff's husband alone; alleged that defendant purchased said real estate from Herbert Brewster and Carleton Brewster and the automobile from Herbert Brewster, who was the owner thereof; that at the time of the purchase he paid the full purchase price in money to Herbert Brewster and denied all allegations that he promised to pay any part of the purchase price to plaintiff. The case was tried to a jury which rendered a verdict for plaintiff for $1,000 and interest. From the judgment and order denying a new trial, defendant appeals.

[1] The first, second, fifth to tenth, inclusive, twelfth, thirteenth, and seventeenth assignments of error relate to the admission or exclusion of testimony. The questions and objections thereto and the rulings of the court thereon do not appear in appellant's abstract of the record, nor are there any exceptions in such abstract upon which to base said assignments. They are therefore not properly before this court for review. Former rule 7 of this court (124 N. W. vii).

[2] The third and fourth assignments relate to questions asked the defendant wherein it was sought to show that plaintiff had urged defendant to buy the house. She had testified that she had not. If there was any error in excluding this testimony, it

was cured by defendant's subsequent testimony "that he had never had any conversation nor dealing with plaintiff, and that he had never talked with her about it in his life."

[3] The eleventh assignment relates to the striking out of the testimony of the witness Opheim. He testified that he formerly owned the automobile; that it was secondhand; that he sold it to plaintiff's husband and no part of it to plaintiff; that it had not all been paid for at the time of the sale, but had practically all since been paid. This was clearly irrelevant to any issue in the case.

[4] The next three assignments relate to questions asked the witness Kennedy in relation to conversations between plaintiff and defendant in regard to the sale of the house. If the witness had been permitted to answer these questions and had testified that plaintiff and defendant had talked about the sale of the house, the answer to such questions would have been contradictory to defendant's express testimony theretofore given and contrary to the theory of the defense. Surely the defendant ought not to be thus permitted to impeach his own testimony. Defendant cannot be prejudiced by the exclusion of testimony offered by him which would, if received, show that he had testified falsely. The rulings of the court excluding the answers to such questions were clearly correct.

[5-7] The next assignment relates to remarks made to the jury by plaintiff's counsel as follows: "After the scheme was carried out and the house was deeded to George Miller, Herbert Brewster deserted the plaintiff and ran away and left her." Assuming, without deciding, that this assignment is properly before us, it appears that the court in its discretion overruled defendant's objection to such remarks. Moreover, appellant is not now in position to urge this objection, even if properly raised. In his affidavit accompanying the motion for a new trial he stated: "Upon the trial of said case plaintiff testified, in effect, that her husband, Herbert Brewster, had deserted her immediately after she had signed the deed for the house described in the complaint." The evidence on this subject is not in the abstract of the record. If she did so testify, and it will be presumed that she did so without objection, the remarks to the jury made by respondent's counsel

were justified. Appellant by his affidavit has precluded himself from now claiming that she did not so testify.

[8] The next assignment relates to alleged error in refusing a new trial upon the ground of newly discovered evidence. The affidavit of the defendant, upon which the motion for a new trial was based, flatly contradicts his own testimony at the trial, wherein he stated that he had never had any transactions or conversations with plaintiff in regard to the sale of the house. Nor did he even claim that he was mistaken in his former testimony. The chief purport of the affidavit was to impeach the credibility of plaintiff's testimony. The other features of the affidavit tend to show a conspiracy between plaintiff and her husband, the object of which was to let it appear at the trial that the plaintiff was deserted and wronged, and, after securing the judgment in this case, the plaintiff and her husband would again live together and enjoy the proceeds of the judgment as well as the proceeds of the property. A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the court. Smith v. Insurance Co., 21 S. D. 433, 113 N. W. 94; Barcus v. Prokop, 29 S. D. 39, 135 N. W. 756. We fail to find any abuse of such discretion.

Finding no error in the record, the judgment and order denying a new trial are affirmed.