BREWSTER, Respondent, v. MILLER, Appellant. ·

(142 N. W. 467.)

1. **Costs—Damages for Delay—Evidence.**
    This court will not, on an application for 10 per cent. damages for delay in prosecuting an appeal, consider verbal stipulations and understandings between counsel of the parties.

2. **Damages for Delay—Grounds.**
    Where an appeal was not frivolous, and counsel perfecting it was not actuated by any purpose to delay enforcement of the judgment, and respondent's counsel did not, in his brief, ask for damages for delay, the Supreme Court will not allow such damages because the defeated party, prior to judgment below, urged respondent to dismiss the action, declaring he would appeal the case if he lost below, and would delay proceedings as long as he could, and that respondent hadn't the money to fight it and he, appellant, would win anyway, and because appellant's counsel failed to have case placed on calendar of first term after appeal, thereby causing delay in determining the case for about two months.

(Opinion filed July 11, 1913.)

Appeal from Circuit Court, Roberts County. Hon. FRANK McNULTY, Judge.

Application in the Supreme Court for the inclusion of ten per cent. damages in the taxation of costs. Application denied.

For original opinion, see, 31 S. D. 613, 141 N. W. 778.

*Howard Babcock,* for Appellant.

*E. J. Turner,* for Respondent.

GATES, J. [1] Application under subdivision 5 of section 411, C. C. P., for the awarding of damages in the sum of 10 per cent. of the judgment on acocunt of delay caused by the taking of the appeal. The opinion in this case is reported in 141 N. W. 778. Judgment was entered in the trial court December 14, 1911. A stay of proceedings was immediately granted and thereafter-

wards continued from time to time. Appellant's attorney did not receive the stenographer's transcript until some period in March, 1912. The order denying a new trial was entered August 3, 1912. The notice of appeal was served August 9, 1912. Appellant did not serve his brief in sufficient time to enable the case to be placed on the October, 1912, term of this court, nor did he pay the clerk's fees until after October 18, 1912. In her affidavit accompanying the application, respondent states that several times prior to the trial in the circuit court appellant stated to her: "You might as well dismiss the action. If you should beat me, I will carry it to the Supreme Court, and you haven't the money to fight it and I will win anyway. I will delay the proceedings and hold them off as long as I can. The expense to you will be so much that the whole judgment will be eaten up by attorney's fees and expenses so that you will never get anything out of it." These statements are flatly contradicted by appellant. It will be noticed that no conversation to that effect was had after the judgment was entered in the trial court. Considering the facility with which appellant has testified, both on the witness stand and by affidavit, in accordance with the apparent necessities of the proceeding at the particular time, regardless of prior inconsistent statements, we are of the opinion that we are fully warranted in believing that appellant did make the above statements.

[2] Eliminating from the affidavits of the respective counsel all matters relating to verbal stipulations and understandings between them, which under the rules we cannot consider, the only ground presented by the application in addition to the foregoing statement of appellant is the failure of appellant's counsel to have the case placed upon the October, 1912, calendar of this court. The actual result of this failure has been to delay the determination of the case approximately two months. Respondent's counsel did not ask in his brief for the awarding of such damages. While we do not say that this is a prerequisite to the granting of such damages, we do think that it should be considered under the circumstances of this case. The appeal itself was clearly not frivolous, and, even if we believe that the purpose of the appeal on the part of appellant to have been for delay, we cannot find that such purpose actuated his counsel in the perfecting of the appeal.

We do not think we should exercise the discretion invoked by this application.

The application is denied.