PETERSON, Respondent, v. MILLER, Appellant.

(146 N. W. 585.)

1. **Appeal—Statement in Appellant's Brief—Rulings on Evidence— Setting Out Evidence.**

A proper understanding of ruling of trial court, requires, under Supreme Court rule 6 (140 N. W. viii), based on Laws 1913, Ch. 172, that appellant's brief shall contain such parts of the settled record as may be necessary to present fully the errors assigned, including such of the evidence leading up to (and sometimes that following) a ruling, as will show its bearing on the merits of the case.

2. **Same—Evidence—Must Show Prejudice.**

Under Laws 1913, Ch. 172, and Supreme Court rule 6 (140 N. W. viii), the statement in appellant's brief must embrace sufficient evidence to show a ruling complained of was prejudicial, as well as erroneous.

3. **Review of Evidence—Refusal to Direct Verdict—Appellant's Brief—Substance of all Evidence—Necessary Showing.**

Refusal of trial court to direct a verdict, cannot be reviewed on appeal, unless appellant's statement in the brief contains the substance of all the evidence.

4. **Review of Instructions—Showing in Appellant's Brief—Contents of Charge as a Whole.**

The Supreme Court will not review portions of instructions given, or refusal to give certain instructions, unless the statement in appellant's brief, required by Supreme Court rule 6 (140 N. W. viii), contains the contents of the trial court's charge as a whole.

5. **Same—Statement in Appellant's Brief—Sufficiency of Evidence— All Material Evidence, Showing of.**

Supreme Court rule 6 (140 N. W. viii), requires appellant, relying on an assignment of insufficiency of evidence, to cause it to affirmatively appear that the statement in his brief contains a statement of all material evidence received on the trial.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by Ben Peterson against S. M. Miller, to recover purchase price of merchandise sold. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Null & Royhl*, for Appellant.

*A. W. Wilmarth*, for Respondent.

None of the plaintiff's testimony is set out in the appellant's statement, and of page 9 of the transcript there is only the testimony of one question, objection and answer shown at page 5 of appellant's statement.

GATES, J. Appellant has assigned 66 errors. The first 51 relate to rulings of the trial court upon evidence. The fifty-second assignment is predicated upon the refusal of the court to direct a verdict for defendant. The fifty-third and fifty-fourth assignments are based upon two portions of the instructions given to the jury. The fifty-fifth to sixty-third, inclusive, are based upon the refusal of the trial court to give defendant's requested instructions to the jury. The sixty-fourth assignment is the alleged insufficiency of the evidence to justify the verdict, and contains seven particulars wherein the evidence is claimed to be insufficient. The sixty-fifth assignment is that the verdict is against law, and the sixty-sixth is the alleged error of the court in denying defendant's motion for a new trial.

[1, 2] Rule 6 of this court (140 N. W. viii), relating to appellant's brief (which rule is based upon chapter 172, Laws 1913), provides among other things: "Such brief shall contain, besides any citation of authorities and argument, a clear, concise, and condensed statement of the contents of such part or parts of the settled record as may be necessary to present fully to this court the errors assigned and to show that they are prejudicial to appellant, setting forth so much thereof only as is necessary to a full understanding of all the questions presented to this court for decision." A proper understanding of the ruling of a court in receiving or rejecting evidence requires that the brief shall present a statement of such of the evidence leading up to (and in some cases following) the ruling of the court as will show the bearing of the ruling upon the merits of the case. State v. Shephard, 30 S. D. 219, 138 N. W. 294. In the present case this is not shown, nor attempted to be shown. Not only that, but under the statute and the rule of

court there must be a sufficient statement of the evidence to show that the ruling was prejudicial as well as erroneous.

[3] The fifty-second assignment, based upon the refusal of the court to direct a verdict for defendant, can certainly not be reviewed by this court, unless the statement contains the substance of all of the evidence.

[4] The fifty-third and fifty-fourth assignments show two particular portions of the instructions as given; but the appellant's brief does not contain the instructions as a whole, nor does it purport to do so. We cannot say, from an examination of those two particular portions of the charge, without knowing the contents of the charge as a whole, whether error was or was not committed.

The same remarks apply to assignments 55 to 63, inclusive. Not knowing how the court charged the jury, we cannot say that the court erred in refusing to give defendant's proposed instructions.

[5] Rule 6 of this court further provides: "Provided, however, that whenever the appellant shall seek to rely upon an assignment to the effect that the evidence was insufficient to support the verdict, finding, or other decision, he shall cause it to affirmatively appear that the said statement in his brief contains a statement of all the material evidence received upon the trial." The appellant's brief manifestly not only does not, but does not purport to, contain a statement of all the material evidence received upon the trial. There is not sufficient matter of fact contained in appellant's brief to enable us to intelligently pass upon the questions sought to be reviewed.

For that reason the judgment and order denying a new trial are affirmed.