BRIDENBAUGH, Respondent, v. McELRATH, Appellant.

(152 N. W. 113.)

(File No. 3623. Opinion filed April 12, 1915.)

1.   **Appeal—Brief—Unargued Assignments of Error—Abandonment.**
        Assignments of error not urged in appellant's printed argument will be deemed abandoned.

2.   **Appeal—Error—Unargued "Specifications" as "Assignments of Error"—What Should be Assigned as Error.**
        Although appellant's brief contained "Specifications of Error" as part of the "Settled Record" under Laws 1913, Ch. 178, and were made "Assignments of Error" on appeal, yet, where no mention is made of them in the brief, they are disregarded; and only those specifications of error that are made the basis of argued assignments of error should appear in the brief.

3.   **Insurance—Failure to Insure Property—Liability of Agent—Data, Who Should Furnish—Instructions.**
        In a suit against an insurance agent for loss from failure to insure buildings, the evidence was conflicting as to whether the data as to dimensions of buildings were to be obtained by defendant by inspecting the premises, or by inspecting an old policy which plaintiff agreed, but neglected, to send him, **held**, that an instruction that if the contract, if any, required that plaintiff furnish the data, and if the jury found the policy could not issue without such data plaintiff could not recover, was erroneous as impliedly instructing that it was plaintiff's duty to pro-

cure the data in some other way if possible, even though plaintiff had agreed to furnish them in the manner specified.

**4.    Trial—Instruction, Unsupported by Evidence.**

Where, in a suit against an insurance agent for loss from failure to issue a fire policy, the undisputed evidence showed that it was understood that the policy could not issue without certain data, from a certain source, **held**, that it was error to submit to the jury the necessity for such data, since defendant was under no obligation to write the policy until he received the data, and from the source agreed upon.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by U. G. Bridenbaugh against C. A. McElrath, for recovery for loss from failure of defendant to insure buildings. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

See, also 34 S. D. 277, 148 N. W. 18.

*Crawford & Warren,* for Appellant.

*Harlan J. Bushfield,* for Respondent.

(3) Under point three of the opinion, Appellant submitted that: This instruction was clearly prejudicial to defendant; it impliedly instructed the jury that it was the duty of defendant to procure this information in some other way, if possible, even though the plaintiff had agreed to furnish it in the manner specified.

WHITING, J.    Plaintiff alleged that defendant, as his agent, agreed to procure insurance upon a certain barn belonging to plaintiff; that he failed to procure such insurance; that such barn was burned; and that plaintiff was damaged thereby to the amount for which such barn was to have been insured. Defendant entered a general denial. The cause was tried, and verdict and judgment were for plaintiff in an amount less than the amount claimed. From such judgment and the order denying a new trial, defendant appealed.

[1, 2] Appellant's brief contains 32 "specifications of error" that formed part of the "settled record" settled in pursuance of chapter 178, Laws 1913. These "specifications" are all made "assignments of error" in this court; yet our search of the abstract of the settled record, as contained in such brief, has failed to reveal one word that, in the remotest degree, relates to 19

of such assignments. The other 13 assignments above mentioned are based on matter appearing in such abstract, but all except 6 of them are abandoned through appellant's failure to urge same in his printed argument. No assignments of error should ever appear in an appellant's brief, save only those actually relied upon as grounds for reversal; and, if appellant prints the specifications of error in his brief, he should put in such brief only those upon which assignments are based. A careful observance of the above suggestion would save this court much useless labor, and might often prevent an oversight of the real merits of an appeal.

The only matters urged by appellant in his brief are: (1) insufficiency of the evidence to support the verdict; (2) error in one instruction given the jury.

While the evidence upon several matters essential to respondent's right of recovery is very meager, yet construing it most favorably to him, as we are required to do under the verdict, we are inclined to the view that, if it were not for reversible error in the instruction complained of, the judgment and order appealed from should be affirmed.

[3, 4] A statement of the evidence relating to the subject-matter of the questioned instruction is necessary to an understanding of appellant's assignment attacking such instruction. It appeared undisputed that respondent, who was a resident of Nebraska, owned a farm in the southeast corner of Hand county, some 25 miles from Wessington, S. D.; that he visited this state, one of his purposes being to see to the insuring of the buildings on such farm; that on such visit he came to Wessington, where he met the appellant; that he entered into an agreement with appellant, wherein appellant, an insurance agent, agreed to insure such buildings in a company he represented; that neither party knew the dimensions of the buildings; and that, before the insurance could be written, it was necessary for appellant to be advised in relation to the size of such buildings. There is a direct conflict in the evidence touching the question of how the necessary data in relation to the dimensions of such buildings was to be obtained by appellant. The evidence on the part of appellant tended to prove that, upon respondent's return home, he was to send to appellant an old policy covering the same buildings, from which policy appellant could obtain the necessary

data; and that appellant advised respondent that the reason why he required this policy to be sent was because, owing to the distance from Wessington to these buildings and to the small amount of his commission on the premium, he could not afford to make a personal examination of said buildings. The evidence on the part of respondent tended to prove that appellant agreed to visit respondent's farm and personally inspect such buildings for the purpose of obtaining the necessary data.

The court instructed the jury as follows:

"The defendant claims that the plaintiff was to furnish data as to buildings in the shape of his old policy from which the insurance would be written. If you find the contract, if there was one, was that plaintiff was to furnish such data, and you find the policy could not issue without such data, then plaintiff failed to complete his part of the contract and could not recover."

Appellant says:

"This instruction was clearly prejudicial to the defendant for the reason that it impliedly instructed the jury that it was the duty of the defendant to procure this information in some other way, if possible, even though the plaintiff had agreed to furnish it in the manner specified."

We think appellant's contention correct. If by such instruction the court intended to authorize the jury to pass upon the necessity of such data, the instruction was unsupported by any evidence, as it stands undisputed that it was understood that the new policy could not issue without such data. If such data was to be furnished by respondent through the old policy, appellant was under no obligation to write the new policy until he received the data, and furthermore was under no obligation to write such policy until he received the data from the very source agreed upon. Even though the jury believed that respondent agreed to send the old policy to appellant, yet, under such instruction, the jury might find for respondent. The error was clearly prejudicial.

The judgment and order appealed from are reversed.