McWAID, Appellant, v. DARNELL, et al, Respondents.

(168 N. W. 759).

(File No. 4318.   Opinion filed September 3, 1918.)

1.  **Appeals—Review of Error—Substance of Evidence, No Questions Or Objections in Brief, Effect—Statute.**

Where appellant's brief presents only what purports to be the substance of testimony, without setting forth any question asked or objection made thereto, or court's ruling, the settled record presenting questions asked and specifications and assignments asserting error in court's ruling thereon, but without disclosing any objection, nor, in case of its being overruled, what answer was received, no record is presented for consideration of such rulings on appeal; construing Laws 1913, Ch. 172, Sec. 1, providing that such brief shall contain statement of errors assigned and a concise statement of such parts of record as are necessary to fully present errors assigned and to show them prejudicial.

2.  **Same—Review Re Rulings on Evidence—Record, What to Contain—Court Ruling.**

In order to avail appellant anything, statement of record as contained in his brief should present question asked or offer made, the objection, ruling thereon, exception taken, evidence if any, received over objection and, in case of an exhibit excluded, contents thereof; all in proper place in connection with evidence, so as to show ruling prejudicial; construing rule 6 of Supreme Court (29 S. D., Sup. Ct. Rules, p. 4; 140 N. W. VII.)

3.  **Same—Sufficiency of Evidence, Review—Want of All Material Evidence in Brief, Effect—Statute, Court Rule.**

Appellant's brief not purporting to contain "a statement of all the material evidence received upon the trial" as required by Laws 1913, Ch. 172, Sec. 1, and rule 6, of Supreme Court, that Court has no power to adjudicate upon sufficiency of evidence.

4.  **Same—Error—Refusal to Instruct, Covered by Voluntary Instructions, Effect.**

Trial court's refusal to give two requested instructions, was non-prejudicial, those given on court's own motion embracing those asked for as far as proper.

5.  **Same—Error—Specification, Assignments of Error, Failure to Indicate Error, Effect,**

Where exception to instructions, specifications, and assignments of error fail to point out any respect in which instructions are erroneous, they are insufficient to call for action by either trial or appellate court.

6. **Same—Review of Instructions—Failure to Show Matters Presented to Trial Court, Effect.**

Where Supreme Court is unable to ascertain from record on appeal whether matters relative to instructions were brought to trial court's attention, such matters will not be considered on appeal.

7. **Same—Review of Instructions—Absence of Printed Record Showing All Evidence, Effect.**

Appellant's complaint of instructions given, will not be considered by Supreme Court in absence of the printed record purporting to contain all material evidence.

Appeal from Circuit Court, Tripp County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Clara McWaid, against E. L. Darnell and others, to recover for malicious prosecution. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*J. L. Hannett,* and *Doherty & Talbott,* for Appellant.

*O. D. Olmstead,* and *W. J. Hooper,* for Respondent.

WHITING, P. J. Some 80 assignments of error are presented in the printed record. More than 70 of these question the correctness of the trial court's rulings upon receipt of evidence; others question the sufficiency of the evidence to support the verdict of the jury; while the others announce error in the trial court's refusal to give certain instructions and in its giving of certain other instructions.

[1] There is no record upon which we can consider the rulings upon evidence. The statement of the trial proceedings, contained in appellant's brief, gives what purports to be the substance of the testimony of the various witnesses, but does not set forth a single question asked, any objection made thereto, or the ruling made upon any objection. The specifications of error forming part of the settled record and the assignments of error presented to this court both set forth certain questions which appellant claims were asked, and such specifications and assignments assert error in the court's ruling on objections interposed to receipt of answer. In no case do such specifications or assignments disclose what objection was interposed, nor, in case of the overruling of the objection, what answer was received. Section 1, c. 172, Laws 1913, provides:

"Appellant's brief on appeal shall contain a statement of errors assigned upon appeal together with a clear, concise, and condensed statement of the contents of such parts of the record as may be necessary to present fully to the appellate court the errors assigned and to show that they are prejudicial to appellant."

[2] It would be only through an examination of the settled record, which record is not before this court, that we could get any information as regards the merits of a single one of such specifications and assignments. In Peterson v. Miller, 33 S. D. 397, 146 N. W. 585, this court said:

"Rule 6 of this court (29 S. D. Sup. Ct. Rules p. 4; 140 N. W. vii), relating to appellant's brief (which rule is based upon chapter 172, Laws 1913), provides among other things: 'Such brief shall contain, besides any citation of authorities and argument, a clear, concise, and condensed statement of the contents of such part or parts of the settled record as may be necessary to present fully to this court the errors assigned and to show that they are prejudicial to appellant, setting forth so much thereof only as is necessary to a full understanding of all the questions presented to this court for decision.' A proper understanding of the ruling of a court in receiving or rejecting evidence requires that the brief shall present a statement of such of the evidence leading up to (and in some cases following) the ruling of the court as will show the bearing of the ruling upon the merits of the case. State v. Shephard, 30 S. D. 219, 138 N. W. 294."

In order to avail appellant anything, the statement of the record as contained in appellant's brief should set forth the question asked or the offer made, the objection interposed, the ruling thereon, the exception taken, the evidence, if any, received over objection, and, in case of an exhibit excluded, the contents of such exhibit. All of the above should appear in its proper place in connection with such evidence, if any, received as may be necessary to show the ruling to have been prejudicial.

[3] It does not appear from appellant's brief that it contains "a statement of all the material evidence received upon the trial" as required by said section 1, c. 172, Laws 1913, and by rule 6 of the court. Therefore, under the express provisions of such statute, this court has no power to examine into and pass upon the sufficiency of the evidence to support the verdict. Gilfillan v.

Schaller, 32 S. D. 638, 144 N. W. 133; Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923; Smith v. Pence, 33 S. D. 576, 146 N. W. 709; Malloy v. C., M. & St. P. Ry. Co., 34 S. D. 330, 148 N. W. 598; Fehlhafer v. Reiners, 37 S. D. 289, 157 N. W. 1058; Denton v. Butler, 37 S. D. 445, 158 N. W. 1017.

[4] Appellant assigns as error the trial court's refusal to give two instructions asked for. The instructions asked for were, so far as proper, contained in the instructions given of the court's own motion.

[5, 6] Appellant contends that two instructions given were erroneous. Neither the exception to the instructions, the specifications of error presented to the lower court, nor the assignments of error in this court, point out one single respect in which such instructions are erroneous. Certainly such specifications and assignments are insufficient to call for action by either court. Upon appeal, appellant has presented certain contentions in relation to such instructions. We have no way of knowing whether the same matters were brought to the attention of the trial court. This question was fully discussed in Hedlun v. Holy Terror Mining Co., 16 S. D. 261, 92 N. W. 31, where, after discussing in general what is meant by the word "assign" when used in reference to the presentation of alleged errors to a court, the court further said:

"The rule requiring errors to be specifically pointed out is not merely for the convenience of appellate judges. Assignments in this court corresponding with the specifications of error in the bill of exceptions should be so framed as to enable this court to readily discern, without the aid of argument, what particular errors are relied upon, and to determine from the record itself whether appellant's position was the same below as it is in this court. It would be manifestly unfair for appellant to here urge an objection to this instruction to which the attention of the trial court was not directed on the hearing of the application for a new trial."

[7] The instructions complained of were very favorable to appellant. Appellant does not seriously contend but that they contain correct abstract statements of the law, but complains that in the light of the evidence they should not have been given. Such a contention, even if the specifications of error showed that the same contention was urged upon motion for new trial, could not

be considered by us in the absence of a printed record which purported to contain all the material evidence.

The judgment and order appealed from are affirmed."