FILBERT, Appellant, v. HAMILTON, Respondent.

(181 N. W. 838.)

(File No. 4795.  Opinion filed March 10, 1921.)

1.  **Pleadings—Indefinite Answer, Denial, Except as Admitted—Admission of Contract by Agent Averring Plaintiff's Failure to Perform, That Contract Mutually Abandoned—Answer as General Denial, Balance Surplusage.**

An answer to a complaint alleging a contract of exchange of personalty for realty executed by plaintiff as agent, denied all allegations except what was thereafter expressly admitted; the second paragraph admitting execution of the contract as alleged but averring that plaintiff failed to perform and that because thereof contract was mutually abandoned. Held, that trial court properly overruled motion to make answer more definite; since the first paragraph amounted to a general denial of the agency, and on defendant's theory, this was sufficient, since if there was no agency it was immaterial what contract was entered into; and the second paragraph was merely surplusage.

2.  **Same—Admission of Contract by Agent, Whether an Admission of Agency for Defendant—Non-misleading Answer.**

The admission in the answer that the agent executed the contract, without further qualification or restriction, implied that he executed it on his own behalf alone, and not for defendant; and plaintiff was not prejudicially mislead by such admission.

3. **Evidence—Non-fulfilled Contract for Exchange of Properties, Item of Incidental Expense, Irrelevancy of Evidence.**

Where the answer denied the alleged execution, by an agent of defendant, of a contract of exchange of properties, evidence of plaintiff's non-alleged item of expense incurred in connection with such exchange, was irrelevant and properly struck out on motion.

4. **Evidence—Abandoned Contract of Exchange of Merchandise for Realty—Plaintiff's Subsequent Bulk Sale of Merchandise, Vendee's Testimony Re Subsequent Wholesalers' Claims, Irrelevancy of.**

Where, in a suit upon an alleged but abandoned contract of exchange of merchandise for realty, the merchandise having been subsequently sold to a third party, evidence of the vendee as to whether he had been required by any wholesale house to pay for any of the goods was irrelevant, there being no disproof of such claims existing at date of rescission of exchange contract.

5. **Appeals—Evidence—Question Calling for Conclusion of Witness, Immateriality on Appeal.**

Objections to questions involving assigned error were properly sustained, where they called for conclusion of witness.

6. **Same—Assignments of Error, Non reference of to Printed Record, Non-statement of Sufficient Evidence—Futility Under Court Rule.**

Where assignments of error on rejection of evidence fail to refer to page or folio of printed record as required by Rule 4, or to contain sufficient evidence to show correctness or otherwise of rulings, they will not be considered on appeal.

7. **Damages—Contract or Acquisition by Exchange of Land, Non-Evidence Re Value, No Resulting Damage.**

Where true measure of damages would be the difference between what appellant was to pay for certain land and its market value at time he was entitled to conveyance, but evidence failed to show its value or that of other land he was to be given as part consideration therefor, no damages are shown, and verdict was properly rendered for respondent.

Whiting, J., concurring specially.

Appeal from Circuit Court McPherson County. HON. WILLIAM N. SKINNER, Judge

Action by F. W. Gilbert, against J. B. Hamilton, to recover damages for defendant's failure to fulfill an alleged contract of exchange of merchandise and lands for other realty. From a

judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*J. A. Giantvalley,* and *Amos N. Goodman,* for Appellant.

*Van Slyke & Agor,* for Respondent.

POLLEY, P. J.   On the 23d day of February, 1917, plaintiff entered into a written contract with one Ronayne, wherein it was agreed that said Ronayne should trade to plaintiff a quarter section of land in Edmunds county for a certain quantity of merchandise then at Clark, S. D., and St. Louis, Mo., valued at $5,500, and an assignment of a contract to purchase 40 acres of land in Red Lake county, Minn.   Just when the terms of the contract were to be performed is not clear, but plaintiff agreed to deliver the merchandise as soon as it could be invoiced, and Ronayne was given 30 days in which to prepare his abstract and to get his conveyance ready for final exchange.   The contract was not carried out, and on the 20th day of April, Ronayne rescinded the contract for the reason, as stated in his notice of rescission, that plaintiff had not complied with the terms of the contract and had not complied with the Bulk Sales Law of this state. Rev. Code 1919, §§ 914-921.   Plaintiff, claiming that he was damaged by the failure to complete the transaction, and that in the making of the contract Ronayne was acting as agent for defendant, commenced this action to recover the damgaes he claimed to have suffered because of defendant's failure to carry out the contract.   The case was tried in the circuit court, and at the close of the evidence the trial court directed a verdict for defendant, and plaintiff appeals.

[1, 2]   At the beginning of the trial, plaintiff moved the court to direct the defendant to amend his answer by making it more definite and specific.   The answer consists of two paragraphs.   The first paragraph denies everything in the complaint except what is thereafter expressly admitted.   The second paragraph admits that plaintiff and Ronayne entered into the contract set out in the complaint, but alleges that plaintiff failed to perform the conditions thereof, and because of such failure on part of plaintiff the contract was terminated and abandoned by mutual consent.   The court overruled the motion, and plaintiff excepts. The motion was properly overruled.   The answer is by no means a model pleading, but it should have been treated as a general

denial only. It is alleged in the complaint that Ronayne, as agent for defendant, executed the contract. The first paragraph puts in issue both the execution of the contract and the agency. The denial was intended to go only to the allegations of agency, and under defendant's theory of the case he needed to go no further. It is not alleged that he executed the contract himself, and, if there was no agency, there was no liability against him. If there was no agency, it was immaterial to defendant what contract might have been entered into by Ronayne, and he was not called upon to admit the making of a contract by Ronayne. Defendant's answer was properly treated as a general denial, and the second paragraph is merely surplusage. Appellant contends that, he having alleged the execution of the contract by Ronayne as agent for defendant, and defendant having admitted that Ronayne did execute the contract, therefore, defendant admitted that Ronayne executed the contract as agent for defendant. This is not a necessary inference. The admission that Ronayne executed a contract, without further qualification or restriction, implies that he executed it on his own behalf and on his own behalf alone. Appellant was not misled by the admission and was not prejudiced by the denial of his motion.

[3] On motion of respondent, the trial court struck out the evidence of a certain item of expense claimed to have been incurred by appellant in connection with the said exchange of property on the ground that such item was not within the issues of the case. No such item is pleaded in the complaint. Therefore the evidence was irrelevant and was properly struck out on the motion.

[4] After the contract had been abandoned, plaintiff sold the merchandise to a third party. This party was placed on the witness stand by appellant and asked if he had ever been required by any wholesale house to pay for any of the goods. This was objected to on the ground that it was incompetent, irrelevant, and immaterial, and not within the issues of the case. The objection was sustained, and we think properly so. The fact that a future purchaser of the merchandise was not compelled to pay claims of wholesale houses is no proof that such claims did not exist when Ronayne rescinded the contract.

[5] The objection to certain questions that were the basis

of the eighteenth and nineteenth assignments of error were properly sustained, because the questions objected to called for the mere conclusion of the witness.

[6] Numerous assignments were based upon the admission or rejection of evidence by the trial court. These assignments do not refer to the page or folio of the printed record as required by rule 4 (170 N. W. vii), and do not contain sufficient of the evidence to enable the court to determine whether the rulings complained of are correct or not. State v. Shepard, 30 S. D. 219, 138 N. W. 294; Brewster v. Miller, 31 S. D. 613, 141 N. W. 778.

[7] Under appellant's theory of this case, his measure of damages would be the difference between what he was to pay for the Edmunds county land and its market value at the time he was entitled to a conveyance therof, but there is no evidence in the records tending to show the value of the land, nor the value of the Minnesota land that he was to be given as part consideration for the Edmunds county land. Therefore no damage is shown, and the court properly directed a verdict for respondent.

The judgment appealed from is affirmed.

WHITING, J. (concurring.)   There was no evidence establishing plaintiff's claim that Ronayne was acting as defendant's agent in the making of the contract in question. I therefore deem it unnecessary to consider any other matter discussed by the majority.