LIEN, Respondent, v. THOMSON, Appellant.

(181 N. W. 916.)

(File No. 4785. Opinion filed March 21, 1921.)

**Appeal, Error—Brief, Failure to State Material Evidence, Abbreviated, Unspecifying Brief, Assignments, Non-Reference of to Brief—Non-Consideration of Appeal.**

· Where appellant's brief does not purport to contain a statement of all material evidence received on trial, Supreme Court is without power to consider or pass upon sufficiency of evidence to support verdict or judgment; and, appellant's brief containing less than a dozen printed lines, and without allusion to or discussion of any assignment of error except that relating to insufficiency of evidence, the assignments themselves con-

taining no reference to page of brief at which record of alleged error is printed, judgment below is affirmed.

Appeal from Circuit Court, Marshall County. HON. RAYMOND L. DILLMAN, Acting Judge.

Action by Martin Lien, against A. W. Thomson. From a judgment for plaintiff, and from an order denying new trial, defendant appeals. Affirmed.

C. R. Jorgenson, for Appellant.

Howard Babcock, for Respondent.

SMITH, J. Defendant appeals from a judgment and an order overruling his motion for a new trial and assigns as error: First insufficiency of the evidence to sustain the judgment; second, errors in rulings admitting and rejecting evidence.

It does not appear from appellant's brief that it contains "a statement of all the material evidence received upon the trial." This court, therefore, is without power to consider or pass upon the sufficiency of the evidence to support the verdict or judgment. McWaid v. Darnell, 41 S. D. 69, 168 N. W. 759. The argument in appellant's brief contains less than a dozen printed lines and contains no allusion to, or discussion of, any assignments of error except that relating to insufficiency of the evidence. Assignments not discussed are deemed abandoned. State v. Gray, 27 S. D. 461, 131 N. W. 800; Bridenbaugh v. McElrath, 35 S. D. 307, 152 N. W. 113; Egan v. Dotson, 36 S. D. 549, 155 N. W. 783, Ann. Cas. 1917A, 296. Appellant's assignments contain no reference whatever to the page of the brief at which the record of the alleged error is printed, and, in fact, the evidence printed in the brief is wholly narrative in form and does not purport to set out in connection with the evidence, the questions, answers, or rulings, which are made the subject-matter of the assignments of error. For the reasons stated in McWaid v. Darnell, supra, the questions sought to be raised by assignments as to error in rulings on evidence cannot be considered.

No error appearing from the record as it comes before us, the order and judgment of the trial court must be affirmed.