## McCarrier v. Hollister.

The general rule that the negligence of an independent contractor cannot be charged on the other party to the contract, does not apply where the work contracted for is intrinsically dangerous; and, if an independant contractor engaged in connecting a private building with a sewer negligently fails to properly guard his excavation with lights or barriers, and a party is injured, the employer is liable.

(Opinion filed March 1, 1902.)

Appeal from circuit court, Minnehaha county. Hon. Joseph W. Jones, Judge.

Action by Owen McCarrier against Fannie E. Hollister, to recover damages for injuries caused by falling in an open ditch on or near premises owned by defendant and occupied by a tenant. Judgment for plaintiff, and defendant appeals. Affirmed.

*Davis, Lyon & Gates,* for appellant.

The parties in charge of the work were independent contractors. 1 Sher. & Redf. Neg., 5th Ed., Sec. 164; Hexamer v. Webb, 101 N. Y. 377; Bibb's Admr. v. Norfolk & Western R. R. Co., 14 S. E. 163; Long v. Moon 17 S. W. 810.

An employer is not responsible to third persons for the negligence of an independent contractor or his servants or agents in the execution of the work, if he used ordinary skill to select a contractor of proper skill and prudence. Sherm. & Redf. Neg., 5th Ed. Sec. 168; Blake v. Ferris, 5 N. Y. 48; Boomer v. Wilbur, 176 Mass. 482; Pack v. City of New York, 8 N. Y. 222; Kelley v. City of New York, 11 N. Y. 432; Hexamer v. Webb, 101 N. Y. 377; Roswell *ea al.* v. Laird, 8 Cal. 409; Du Pratt v. Lick, 38 Cal. 691; Frassi v. McDonald, 55 P. 140; Scammon *et al.* v. Chicago, 25 Ill. 361; Painter v. Mayor, 46 Pa. St. 213; Forrest v. Wright, 2 Mich., 368; Riedel v. Moran, Fitzsimmons & Co., 61 N. W. 509; Miller v.

Minnesota R. Co., 76 Ia. 655; Conners v. Hennessey, 112 Mass. 96; Hillard v. Richardson, 3 Gray. 449; Clark v. Vt. Cen. R. Co., 28 Vt. 103; Schip v. Pabst Brewing Co., 64 Minn. 22; 66 N. W. 3.

*A. B. Kittredge,* for respondent.

HANEY, P. J.  This action was brought to recover for injuries caused by falling into an open ditch on or near premises in the city of Sioux Falls owned by the defendant and occupied by a tenant. For the purpose of connecting her tenement with the city sewer, defendant employed skilful and careful contractors, under an agreement whereby they were to dig the ditch, lay the pipe, make connections, furnish all materials, and do everything necessary to complete the work for $31.  The work was begun Friday, August 4, 1899, and completed on the following Monday.  The ditch extended from near the center of the street, under the sidewalk, and aross defendant's lot to the house.  There was no fence where the ditch entered the lot.  The walk was on a level with the lawn, and two feet from the line of the lot.  The accident occurred between 9 and 10 o'clock Sunday evening.  The pipe had then been laid, and the ditch filled from the center of the street to the walk, but was open from the walk to the house.  There were no light or guards to give warning of the danger.  In passing along the walk, plaintiff fell into the ditch, and was injured.  The jury having returned a verdict for $2,000, defendant appealed from the judgment entered thereon.

The jury having found under proper instructions that ordinary care was not exercised to protect persons passing on the walk at the time of the accident, and that the plaintiff was not guilty of contributory negligence, the only question demanding attention is whether the contractors, who, without defendant's knowledge, left the excavation unguarded, are alone liable for plaintiff's injuries.

It is disclosed by the evidence that the work was done by independent contractors. Respondent concedes the general rule to be that property owners are not responsible for injuries caused by the negligence of competent, independent contractors, but contends that there are certain well established exceptions to the general rule, and that this case falls within such execptions. Actions in which the liability of property owners for the negligence of independent contractors has been involved are so numerous that an exhaustive review of them would extend this opinion beyond all reasonable limits. 16 Am. & Eng. Enc. Law (2d Ed.), pp. 187-210; note to Bridge Co. v. Steinbrock (Ohio), 76 Am. St. Rep. 375 (s. c. 55 N. E. 618). The issues presented by this appeal have received thoughtful consideration. While the legal principles involved in this class of litigation are stated by the authorities with measurable clearness and precision, their proper application to the facts of any particular case is often extremely difficult. For the purposes of this appeal the general rule, with its qualifications, may be stated thus: While the master is liable for the negligence of the servant, yet when the person employed is engaged under an entire contract for a gross sum in an independent operation, and is not subject to the direction and control of his employer, the relation is not regarded as that of master and servant, but as that of contractor and contractee; and in such case the general rule is that the negligence of the contracting party cannot be charged upon him for whom the work is to be done; and this rule is applicable even where the owner of the land is the person who hires the contractor, and for whose benefit the work is done. If, however, the performance of the work will necessarily bring wrongful consequences to pass unless guarded against, the law may hold the employer answerable for negligence in the performance of the work. Boomer v. Wilbur, 176 Mass.

482, 57 N. E. 1004, 53 L. R. A. 172. If the work contracted for is of such a character that it is intrinsically dangerous, or will probably result in injury to third persons, one contracting to have it done is liable for such injuries though the injury may be avoided if the contractor take proper precautions, there being a distinction between such a case and one in which the work contracted for is such that, if properly done, no injurious consequences can arise. As was stated by COCKBURN, C. J., in Bower v. Peate, 1 Q. B. Div. 321. "There is an obvious difference between committing work to a contractor to be executed, from which, if properly done, no injurious consequences can arise, and handing over to him work to be done from which mischievous consequences will arise unless preventive measures are adopted. While it may be just to hold the party authorizing the work in the former case exempt from liability from injury resulting from negligence which he had no reason to anticipate, there is, on the other hand, good ground for holding him liable for injury caused by an act certain to be attended with injurious consequences if such consequences are not in fact prevented, no matter through whose default the omission to take the necessary measures for such prevention may arise." 16 Am. & Eng. Enc. Law (2d Ed.), p. 201. The contract in the case at bar contemplated an excavation in one of the principal streets of the city of Sioux Falls. The work contracted for could not be done without creating a condition in the public thoroughfare from which mischievous consequences might reasonably be expected to arise unless preventive measures were adopted. An excavation for the purpose of constructing a sewer may not be unlawful, but it is certainly intrinsically dangerous, and, unless properly guarded, liable to cause personal injuries. The nature of the work demands more than its proper performance.

Digging the ditch and laying the pipe are not enough. Lights, barriers, or other safeguards are required during the progress of the work to protect persons from such accidents as the one resulting in plaintiff's injury. Where the work contemplated by the contract is of such a nature that the public safety requires something more to be done than the mere construction of the improvement, we think the owner of the property owes a duty to the jublic to see that proper safeguards are taken, and that, where such precautions are not taken, he should not escape liability for resulting injuries.

The judgment of the circuit court is affirmed.