## BARCUS v. PROKOP.

Where a bill of exceptions, settled under Laws 1911, c. 15, providing for the manner of making appeals to the Supreme Court, shows no exceptions to the instructions, and a proposed bill of exceptions under the old law, showing exceptions, was not settled, the instructions were not excepted to and became the law of the case, and were not reviewable.

In the absence of any motion for a directed verdict, the question of the sufficiency of the evidence can only be presented, on motion for new trial, through statement of the case, within Code Civ. Proc. § 305, providing for statement of the case and the method of preparing and serving the same.

Laws 1911, c. 15, defining the manner of taking appeals does not amend or repeal Code Civ. Proc. § 305, regarding statement of the case and the method of preparing and serving the same and proposed amendments thereto.

Where the question of the sufficiency of the evidence was not properly raised on motion for new trial, and where there had been no request for direction of verdict, the question could not be raised on appeal.

A motion for new trial on the ground of newly discovered evidence is addressed to the discretion of the court; and its ruling will not be disturbed, in the absence of an abuse of discretion.

(Opinion filed, April 2, 1912.)

Appeal from Circuit Court, Tripp County.  Hon. WILLIAM WILLIAMSON, Jr., Judge.

Action by Paul K. Barcus against Adolph L. Prokop. From a judgment for plaintiff, defendant appeals. Affirmed.

F. C. O'Hollaren and M. C. Beck, for appellant. Windsor Doherty, for respondent.

WHITING, J. This action was brought to recover damages which plaintiff claims he suffered through the fraud of defendant in selling him the relinquishment to one tract of land, when representing to him and leading him to believe he was purchasing a relinquishment to a more valuable piece. Plaintiff recovered judgment; a new trial was denied; and defendant has appealed from the judgment and order denying a new trial.

The printed record filed herein wholly fails to comply with the provisions of chapter 15, Laws 1911, as construed by this court in the case of State v. Doran, 28 S. D. —, 134 N. W. 53; but, in conformity with what was said in Atlas Lumber Co. et al. v. Quirk, 28 S. D. —, 135 N. W. 172, recently decided by this court, we have examined the original record filed herein.

[1] Appellant questions the sufficiency of the evidence to support·the verdict and the correctness of one instruction given to the jury. He concedes that, if this instruction were proper, the evidence 'would sustain the verdict. Respondent contends that the instructions were in no manner excepted to; and an examination · of the record sustains such contention. The only reference to such an. exception is in a proposed bill of exceptions, which was never settled, and had no proper place in the record. It appears that appellant started to settle a bill of exceptions under the old law, and before same was settled it was stipulated that a bill might be settled under chapter 15, Laws 1911, which was done. This bill shows no exceptions to the instructions, and the proposed bill (which was not settled) shows that appellant filed exceptions to the instructions July 10, 1911, while judgment was entered May 13, 1911. This court has repeatedly held that, as against the appellant, an instruction, not excepted to, becomes the law of the case.

[2, 4] There was no motion to·direct a verdict; hence no exception to any ruling of the court upon the sufficiency of the evi-

dence to sustain plaintiff's cause of action. There was therefore no way to present, upon motion for new trial, the question of sufficiency of the evidence, except through a statement of case. It will be noted that chapter 15, Laws 1911, in no manner purports to amend or repeal the provisions of section 303, Code of Civ. Proc., regarding statement of the case and the method of preparing and serving same and proposing amendments thereto. There is therefore in the record in this case nothing upon which the sufficiency of the evidence to sustain the verdict could, under the provisions of the statutes of this state, have been presented to the trial court upon motion for new trial; and such question could not be raised upon appeal where not properly raised on motion for new trial, and where there had been no request for direction of verdict. Moreover, in considering the motion for new trial as based upon newly discovered evidence, we have examined all the evidence herein, and we are satisfied that, under such evidence, the instruction complained of was correct.

[5] Appellant asked for a new trial on the ground of newly discovered evidence. This motion was addressed to the wise discretion of the court, and we are satisfied that there was no abuse of such discretion.

The judgment and order are affirmed.