SANFORD et al., Appellants, v. HELGERSON, Respondent.

(141 N. W. 390.)

**1.  Appeals—Briefs—Insufficient Abstract—Affirmance.**

  A brief failing to set forth any abstract of parts of the record to be reviewed, or that any settled record was made in trial court, as required by Laws 1911, Chap. 15, although containing what purport to be certain assignments of error, it will not be considered by the Supreme Court; and, failing to present any record showing error of trial court, the judgment and order appealed from will be affirmed.

**2.  Appeal—Brief—Size of Type—Rejection of Brief.**

  A brief printed in type smaller than that required by Rule 13 of the Supreme Court, will not be considered.

(Opinion filed, May 6, 1913.)

  Appeal from Circuit Court, Lyman County.  Hon. WILLIAM WILLIAMSON, Judge.

Action by J. W. Sanford and others against Oscar E. Helgerson, to recover rents for use and occupation of realty. From a judgment for defendant and from an order denying a new trial, plaintiffs appeal. Affirmed.

Appellant's brief does not show that any settled record, bill of exceptions, or statement of the case was made or filed in the trial court, nor does it purport to set forth any part of the proceedings upon the trial, referred to or involved in the assignments of error. It does contain various purported assignments of error involving said proceedings on trial.

*Emil J. Woerth,* for Appellants.

*Spangler & Haney,* for Respondents.

We contend that the statement of case and record presented by appellants, with their brief, is wholly insufficient to warrant this court in considering the same, and that such statement, abstract and record, so presented by appellants should be disregarded and the judgment of the circuit court affirmed. State v. Doran (S. D.) 134 N. W. 53 (p.) 55.

WHITING, P. J. Action to recover rents for use and occupation of real estate; trial before court and jury; verdict and judgment for defendant; motion for new trial denied; plaintiffs appeal.

[1] Respondent urges that the statement of the record as presented by appellants in their brief "is wholly insufficient to warrant this court in considering the same, and that such statement, abstract, and record so presented by appellants should be disregarded, and the judgment of the circuit court affirmed." Respondent cites in support of his position the case of State v. Doran, 28 S. D. 486, 134 N. W. 53. We agree with respondent in such contention. This court has had frequent occasion to call attention to what should appear in appellant's brief in order to comply with the rules of this court and the provisions of chapter 15, Session Laws of 1911. Appellants' brief was filed in this court on the 20th day of December, 1912, some 11 months after the decision in State v. Doran, supra; some 10 months after the decision in Atlas Lumber Co. v. Quirk, 28 S. D. 643, 135 N. W. 172, wherein this court again called attention to what constituted a proper statement in a brief; and some eight months after the decision in Barcus v. Prokop, 29 S. D. 39, 135 N. W. 756, where this matter was again

reviewed. We have seen fit in numerous cases (where appellants' briefs were filed before the publication of the opinion in State v. Doran, or where they were filed within a few months thereafter) to excuse appellants upon the ground of misconstruction of the provisions of chapter 15, Laws 1911, and of ignorance of the decision of this court in State v. Doran, trusting that, as soon as the attention of the attorneys was called to this matter, they would conform their practise to the rules and decisions of this court. In the case of Dring v. St. Lawrence Township, 140 N. W. 246, being a case wherein appellant's brief was filed prior to the decision in Barcus v. Prokop, supra, after discussing quite fully the rules of this court and the various decisions upon the matter now before us, we announced that thereafter, whenever the condition of the record demanded us so to do, we should reject the same and either dismiss the appeal or require a proper record to be presented and filed. If appellant's brief had been filed within a short time after the publication of the decision in State v. Doran and respondent's brief had not called their attention to such decision, we should simply reject the brief and require the filing of a new brief herein, believing that appellants' failure to prepare proper brief was due to ignorance of the decision in State v. Doran and misconstruction of the 1911 law; but, under the facts before us, there is no room for us to excuse appellants. The record shows that respondent's brief was filed January 21, 1913, over two months before the opening day of the term at which this case was to be heard. When this brief was served upon appellants' counsel, appellants' counsel then had notice, if never before, of the ruling of this court in State v. Doran, and also had notice that respondent would rely thereon upon this appeal. It became incumbent upon appellants either to ask this court for leave to file a brief containing a proper statement of the record or else to rely solely upon the statement contained in the brief filed.

[2] There is another reason why appellants' brief is not entitled to consideration by this court. It fails to comply with rule 13 of the Supreme Court rules (124 N. W. ix), in force at the time the same was filed, in that it is printed in type smaller than required by such rule.

Appellants' brief failing to present any record showing error upon the part of the trial court, the judgment and order appealed from are affirmed.