INLAGEN, Respondent, v. TOWN OF GARY, Appellant.

(147 N. W. 965.)

1. **Appeal—Error—Assignments of Error—Exclusion of Evidence —Exceptions—Defective Record—Review.**

Assignments of error involving exclusion of evidence will not be considered, where the statement of facts does not contain the objections, rulings of court thereon, and does not show whether any exceptions were taken to the rulings.

2. **Error—Motion to Direct Verdict—Necessity of Exception— Review.**

Motions in trial court for directed verdict will not be reviewed on appeal, where no exception was taken to rulings overruling the motions.

3. **Municipal Corporations—Defective Street—Action for Injury— Notice of Claim for Injury, Sufficiency of—Statute.**

Under laws 1907, Ch. 90, requiring notice to town clerk concerning an alleged injury from a defective street, held, that a letter from plaintiff's attorney to clerk, demanding settlement, and in a general way referring to time, place, and cause of the accident, was sufficient; the only purpose of the act being to apprise the town of the fact that an accident, for which damages will be claimed, has occurred, so that investigation may be made.

4. **Trial—Action for Negligence—Notice of Defective Sidewalk— Conflicting Evidence—Question for Jury.**

Where, in an action against a town for personal injuries, the evidence is conflicting upon questions of negligence and of notice of defects in sidewalk, held, that an issue was presented for the jury, whose verdict is final.

(Opinion filed June 22, 1914.)

Appeal from Circuit Court, Deuel County.  Hon. CARL G. SHERWOOD, Judge.

Action by Gunder Inlagen against the Town of Gary, a municipal corporation, for damages for personal injury caused by a defective sidewalk.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

*Law & Knight,* for Appellant.

*McFarland & Johnson,* for Respondent.

(1) Under point one of the opinion, Respondent cited:

Brewster v. Miller, 141 N. W. 778; Sanford v. Helgerson, 141 N. W. 390; Todd v. Berger, 141 N. W. 515; State v. Doran, 134 N. W. 53.

(2) Under point two of the opinion, Respondent's citations were same as under point one.

(3) Under point three of the opinion, Respondent cited:

Williams v. City of West Bay, 85 N. W. 458; West v. City of Eau Claire, 61 N. W. 313; Baxter v. City of Cedar Rapids, 72 N. W. 790.

(4) Under point four of the opinion, Appellant cited:

McKeever v. Mining Co., 10 S. D. 599, and cases cited; Waters v. Dancey, 23 S. D. 481; Bohl v. City of Dell Rapids, 15 S. D. 619; Jones v. City of Sioux Falls, 18 S. D. 477; Barrett v. Hammond, 87 Wis. 654, 58 N. W. 1053.

Respondent cited:

Troxel v. City of Vinton, 41 N. W. 580; Urtel v. City of Flint, 80 N. W. 991; Kapelka v. City of Bay City, 84 N. W. 1106; Hunter v. Village of Durand, 100 N. W. 191.

POLLEY, J.   [1] In the trial court, plaintiff recovered damages for a personal injury resulting from a defective sidewalk on one of the defendant's streets. A motion for a new trial was overruled and defendant appeals. Appellant presents its case upon eight separate assignments, but respondent challenges appellant's right to have any of these assignments considered by the court because none of the matters upon which such assignments are based are contained in appellant's statement of the case. An examination of appellant's brief shows that respondent's position is well taken as to the first, second, third, fifth, and sixth assignments. These assignments relate to the admission and exclusion of testimony by the trial court, but the statement does not contain the objections nor the rulings of the court thereon, nor does it appear whether any exceptions were ever taken to the rulings of the trial court. These matters are, therefore, not properly before the court for review: Brewster v. Miller, 31 S. D. 613, 141 N. W. 778; Peterson v. Miller, 146 N. W. 585; Sanford v. Helgerson, 31 S. D.

472, 141 N. W. 390; Todd v. Burger, 31 S. D. 622, 141 N. W. 515; State v. Doran, 28 S. D. 486, 134 N. W. 53.

[2] At the close of plaintiff's testimony and, again, at the close of all the testimony, appellant moved for a directed verdict, upon the ground:

"That it appears from the evidence that no sufficient notice such as is required by Chapter 90 of the Session Laws of 1907 of this state has been given to the clerk of the defendant town, within the time provided by that law, and containing a statement of the time, place and cause of the alleged injuries; for the further reason that it appears from the evidence of the plaintiff that the alleged defect in question was a defect for which the town would not be liable, and that the plaintiff has failed to show that the defendant town had either actual or constructive notice of the defect prior to the time of the injury."

These motions were both overruled by the court, and are the basis of the fourth and seventh assignments; but no exception was taken to either of such rulings and, therefore, they are not reviewable by this court: Barnum, et al. v. Chamberlain L. & L. Co., 147 N. W. 647, and cases there cited.

[3] The eighth assignment is based upon the denial of appellant's motion for a new trial. This assignment brings up the sufficiency of the evidence to support the verdict, and was one of the grounds upon which the motion for a new trial was made. It is first claimed by appellant that the evidence does not show that, within sixty days after the injury complained of, the respondent gave the town clerk notice of the time, place and cause of the injury as required by Ch. 90, Laws of 1907. While it does not appear that a formal notice of these facts were served upon the town clerk, it does appear that, within sixty days after the injury, the town clerk received a letter from plaintiff's attorney demanding a settlement for such injury, and, in a general way, called the clerk's attention to the time, place and cause thereof. This was a sufficient compliance with the statute. The purpose of this law is to apprise the town or city of the fact that an accident, for which damages will be claimed, has occurred, in order that the officers of such city or town may have an opportunity to investigate the cause of such accident, if any, while the conditions which resulted in said accident are, as nearly as may be, the same as when the

accident occurred. In this case, it affirmatively appears that the officers of the defendant town, or some of them, had knowledge of this accident and of the time, place and cause thereof, and that they investigated the same not later than the following day. The fact that the notice may have been informal or inaccurate is wholly immaterial, as the law expressly provides that the notice "shall not be deemed invalid or insufficient by reason of any inaccuracy in stating the time, place or cause of injury."

[4] It is also claimed by the appellant that there was not sufficient evidence to show negligence on the part of the town, or that it had notice, either actual or constructive, of the defect in the sidewalk that is alleged to have occasioned the injury. The evidence on this feature of the case is conflicting. If the testimony on behalf of respondent is the truth, the defect had existed long enough and was of such a character as to charge the officers of the town with notice thereof. It is true, this testimony was contradicted by witnesses for appellant, but this presented an issue of fact for the jury. It was submitted to the jury under instructions that were satisfactory to the appellant, and the conclusion reached by the jury is final.

No error appearing on the record, the judgment and order appealed from are affirmed.