WALTERS, Respondent, v. CITY OF CARTHAGE, Appellant.

(153 N. W. 881.)

(File No. 3746.   Opinion filed July 24, 1915.)

1. **Municipal Corporations—Liability for Negligence—Discretitionary or Judicial Powers—Plans for Public Improvements.**

    While municipal corporations possess discretionary or judicial powers, and others which are ministerial, held, that it acts judicially in selecting plans for public improvements, and are not liable in damages for the manner in which they exercise in good faith such powers.

2. **Same—Negligence, Liability for—Ministerial Duty—Maintenance of Unsafe Fire Station—Execution of Public Plan.**

    While a municipal corporation acts judicially in selecting a plan for public improvements, yet, when it begins to carry out the plan, it acts ministerially; and in maintaining a fire station its act is ministeral, and it is liable for damages for neglecting to make the same safe.

3. **Municipal Corporations—Action Against, for Negligence—Condition Precedent—Notice of Cause of Injury, Sufficiency—Notice of Rejection of Claim, Effect.**

    In a suit against a city for damages from negligence, held, that, under Laws 1907, Ch. 90, requiring, as a condition to maintenance of such suit, that within 60 days after the alleged injury, written notice to city clerk of the time, place, and cause of injury shall be given, and that notice shall not be deemed insufficient because of any inacuracy in stating the cause, etc , a notice, after a proper heading: "to damages to my little boy at engine house February 17, 1913, two hundred and fifty dollars," followed by items of doctor's fees, nurse's and other expenses, was a sufficient notice of cause of injury, it being sufficient to acquaint the city officers of the nature of the claim presented; especially in that the mayor had, by notifying plaintiff's attorney of rejection of claim on ground of non-liability, recognized sufficiency of the notice.

Appeal from Circuit Court, Miner County. Hon. ALVA E. TAYLOR, Judge.

Action by Elizabeth M. Walters against the City of Carthage, to recover for damages to her son from negligence. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Caldwell & Baldwin,* for Appellant.

*C. A. Kelley,* and *James Byrnes,* for Respondent.

(2) Under point two of the opinion, Appellant submitted that: That the injury in question resulted from negligent handling of the approach to the fire engine house by those who handled and cared for the city's fire apparatus, and the city is not liable; and cited: Snider v. St. Paul, 53 N. W. 763 (Minn.); Howard v. Worcester, 12 L. R. A. (N. S.) (Mass.) 160; Wilcot v. Rochester, 17 L. R. A. (N. S.) 741 (N. Y.); Columbia Trust Co. v. Louisville, 25 L. R. A. (N. S.) 88 (Ky.); O'Rouke v. Sioux Falls, 4 S. D. 47; Dodge v. Granger, 15 L. R. A. 781 (R. I.); Brown v. Dist. of Columbia, 25 L. R. A. (N. S.) 98; Grube v. St. Paul, 26 N. W. 228 (Minn.); 28 Cyc. 1340; Larson v. Grand Forks, 3 Dak. 307; Ludlow v. Fargo, 3 N. D. 485.

Respondent cited: City of Chicago v. Seben, 1 Am. Neg. Rep. 418 (Ill.); Bowden v. City of Kansas City, 1 Am. & Eng. Ann. Cas. 955, 69 Kan. 587; Cason v. City of Ottumwa, 3 Am. Neg. Rep. 163 (Iowa); City of Denver v. Spencer, 7 A. & E. Ann. Cas. 1042, 34 Colo. 270; William Barnes v. Dist. of Columbia, 91 U. S. 440; Kies v. City of Erie, 32 Atl. 621 (Pa.); Rowe v. Richards et al., 32 S. D. 66, 142 N. A. 664; City of Salina v. Kerr, 4 Am. Neg. Rep. 52 (Kan.)          .

(3) Under point three of the opinion, Appellant cited: Laws 1907, Ch. 90; Inlagen v. Gary, 147 N. W. 956 (S. D.); Gagan vs. Janesville, 82 N. W. 558.

McCOY, P. J. Action to recover for personal injury alleged to have been sustained by a three year old son of plaintiff as the result of the negligent construction and maintenance of a certain door upon the fire engine house of defendant, which door fell upon and injured said child. There was verdict and judgment for plaintiff, and defendant appeals, assigning errors at law occurring on the trial, and insufficiency of the evidence to justify the verdict.

Plaintiff's complaint, among other things, in substance, contained the allegation that near where plaintiff resides in the

town of Carthage is the town engine house or building where the fire apparatus is kept; that said building fronts on one of the main streets; that on the front of said building and adjacent to the public sidewalk is a heavy door, or construction used for a door, to close the front of said building, and also used as a bridge for running the fire apparatus over across the side walk; that said door, when opened, falls down directly across and upon the sidewalk; that said door, by reason of the carelessness and negligence and the insecure way the same was fastened up, was a nuisance and a menace to the safety of people using the sidewalk in front of said building, and that defendant and its officers, by the exercise of ordinary care, might have known and prevented said dangerous condition of said door; that about February, 1913, plaintiff's boy was lawfully upon the sidewalk in front of said engine house, and through no fault, carelessness, or negligence of plaintiff or said child, the said heavy door, not being securely fastened, fell upon and crushed and bruised and injured said child. At the beginning of the trial defendant objected to the introduction of any evidence under the complaint on the ground that the same does not state facts sufficient to constitute a cause of action, in this: That it appears that the injury complained of was the result of negligence and improper condition of an engine house or building where fire apparatus was kept by defendant, and that these were governmental duties imposed upon defendant for which it would not be liable for damages, even though there might be negligence shown against defendant, its officers and agents. This same question was raised by objection and exceptions to testimony and by exceptions to instructions of the court. On all these objections the court ruled adversely to appellant. Appellant now contends that such rulings were error. We are of the view that the contention is not well grounded.

[1, 2] It is well settled that municipal corporations have certain powers which are discretionary or judicial in character, and also certain powers which are ministerial. They will not be held liable in damages for the manner in which they exercise in good faith their discretionary powers of a public character, but are liable for damages caused by their negligence when their duties are ministerial. A municipal corporation acts judicially when it selects a plan for some public improvement; but as soon as it

begins to carry out the plan, it acts ministerially and is bound to see that the work is done in a safe manner. 2 Dill. Mun. Corp. §§ 949, 832, 1048. Johntson v. Dist. of Columbia, 118 U. S. 19, 6 Sup. Ct. 923, 30 L. Ed. 75; Chicago v. Seben, 165 Ill. 379, 46 N. E. 244, 56 Am. St. Rep. 248. A municipal corporation is performing a ministerial duty in maintaining a fire station and is liable in damages for neglecting to make the same safe. Bowden v. Kansas City, 69 Kan. 587, 77 Pac. 573, 66 L. R. A. 181, 105 Am. St. Rep. 187, 1 Ann. Cas. 955; Kies v. City of Erie, 169 Pa. 598, 32 Atl. 621.

[3] Appellant moved the court for a directed verdict, on the ground, among others, that plaintiff failed to produce evidence that within 60 days after the alleged injury the plaintiff gave written notice to the clerk of defendant city of the time, place, and cause of injury, as required by chapter 90, Laws of 1907. The injury occurred on the 17th day of February, 1913. On April 12, 1913, plaintiff filed with said clerk a written verified paper, signed by her, as follows:

Town of Carthage, Miner County, South Dakota, to Mrs. V. C. Walters, Dr.

April 11.   To damages to my little boy at engine house

| | |
|---|---|
| February 17, 1913. Two hundred fifty dollars | $250 00 |
| Doctor's fees | 75 00 |
| Caring for child (nurse fees) 5 weeks | 125 00 |
| Hired help | 25 00 |
| Extra expenses, incidental | 25 00 |

Appellant contends that such notice is insufficient in not stating the cause of injury. We are of the opinion that the notice was sufficient. There is no particular formality required in the giving of such notices. This notice was sufficient to acquaint defendant's officers of the nature of the claim presented. It sufficiently appears from the evidence that the city council was not misled by the failure of the notice to specify with particularity the cause of the injury, and besides the mayor notified plaintiff's attorneys that the claim was rejected on the ground that the city was not liable. Inlagen v. Town of Gary, 147 N. W. 965. All assignments of error have been considered.

The judgment and order appealed from are affirmed.