BIDINGER, Plaintiff-Appellant, v. CIRCLEVILLE (City), Defendant-Appellee.

Ohio Appeals, Fourth District, Pickaway County.

No. 222.   Decided January 30, 1961.

450

*Mr. Harry L. Margulis* and *Mr. Robert L. Culbertson*, for plaintiff-appellant.

*Mr. Robert H. Huffer*, city solicitor, and *Mr. Emmitt L. Crist*, for defendant-appellee.

GILLEN, P. J.   This appeal on questions of law is directed to the judgment of the Court of Common Pleas of Pickaway County, Ohio, sustaining a demurrer to plaintiff's second amended petition and entering final judgment for defendant, plaintiff not desiring to plead further.

The petition alleges, in substance, that defendant, the City of Circleville, Ohio, through its Council, on or about the 1st day of April, 1957, passed an ordinance authorizing the Service Director of said city to advertise for bids for the purpose of providing for garbage and trash removal for said city and to grant for a period of three years an exclusive franchise for the removal of garbage and trash in said city.   That pursuant to the provisions of said ordinance the Service Director entered into a written contract with plaintiff granting him an exclusive franchise for a period of three years to collect trash and garbage in said city.   That plaintiff has complied fully with the terms of said contract and has been ready, able and willing to perform each and every obligation imposed upon him by the terms of said contract including the purchase of equipment which would enable him to perform his part of the contract, the leasing of land for a sanitary landfill, and that he created obligations upon his credit upon the assumption that the defendant would perform its part of the contract.   That the duly authorized public officials of the City of Circleville, to wit:—the City

Solicitor and the City Service Director wilfully and maliciously encouraged independent haulers to haul garbage and rubbish in violation of said ordinance and caused to be published in the local newspaper notice of the fact that they would not enforce said city ordinance nor prosecute any person who violated said ordinance. That such acts on behalf of said officials were in flagrant disregard of their duties as public officials, flagrant disregard of the ordinance of the City of Circleville which it was their duty to enforce and flagrant disregard of the contract entered into between plaintiff and the City of Circleville. The prayer of the petition asks for both actual and punitive damages in the total amount of $190,000.00.

Where a municipality enacts an ordinance authorizing the execution of a contract granting a franchise to a firm or corporation for a legal purpose and such contract is thereafter entered into the rights of the parties are to be determined by the provisions of such contract.

In the case at bar plaintiff does not allege in his petition a breach of any specific provisions of the contract. His claim is predicated upon the failure of certain city officials to enforce the criminal provisions of the ordinance authorizing the execution of the contract. There is no provision in the contract obligating the city to enforce the criminal provisions of the ordinance. It is well settled in Ohio that a municipality, in the exercise of a governmental function, is immune from the wrongful or tortious acts of its agents and servants in the absence of a specific statute imposing liability therefor. See *Wooster* v. *Arbeny*, 116 Ohio St., 281. A municipality in providing for the collection and disposal of garbage and rubbish is engaged in the performance of a governmental function. See *Gorman* v. *Cleveland*, 26 Ohio App., 109; also *Bademan* v. *Cleveland*, 157 Ohio St., 422.

In the enactment of criminal ordinances a municipality is engaged in a governmental function and the enforcement or lack of enforcement of such ordinances creates no liability on the part of the municipality. See *The Western College of Homeopathic Medicine* v. *The City of Cleveland*, 12 Ohio St., 375; also *The City of Mansfield* v. *Bristor*, 76 Ohio St., 270.

In the case at bar plaintiff's claim was based upon a breach

of contract and in order to state a cause of action it was incumbent upon him to plead the breach relied upon. The failure of certain city officials to enforce the criminal provisions of a criminal ordinance cannot be regarded as a substitute for this requirement. The rights of the parties are controlled by the terms of the contract entered into. The petition does not allege the breach of any provision of that contract. For that reason the trial court properly sustained the demurrer. The judgment of the court below will, therefore, be affirmed.

Judgment affirmed.

RADCLIFF and COLLIER, JJ., concur.