Roy **HAGBERG**, Guardian of the Person and Estate of Glenn F. Hagberg, a Minor, Plaintiff,

v.

**CITY OF SIOUX FALLS,** a Municipal Corporation, Defendant.

Civ. No. 67-68S.

United States District Court
D. South Dakota, S. D.

March 12, 1968.

John E. Burke, R. G. May and Gale Fisher, of May, Boe & Johnson, of Sioux Falls, S. D., for plaintiff.

F. M. Smith and A. D. Sommervold, of Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This case is now before this court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. According to the allegations of the complaint, the defendant, City of Sioux Falls, on or about the 17th day of May, 1965, contracted with one Duane W. Fanebust to construct certain sanitary sewer lines within the City. Further, it is alleged that sometime later Fanebust, pursuant to this contract, was "excavating a trench near the intersection of Russell Street and Garfield Avenue;" that on August 2, 1965, at this place the plaintiff, Glenn F. Hagberg, was employed as a laborer for Fanebust; that Hagberg "was without previous experience or knowledge of trench digging or blasting" and upon direction entered the trench where there remained buried unexploded dynamite from previous blasting operations; and that said Hagberg detonated some buried dynamite with an air hammer which he was using in said trench, whereupon he suffered severe injuries.

The alleged liability of the City of Sioux Falls is predicated on several theories, including (1) allowing Fanebust to carry on blasting operations within the City without previously having procured a blasting permit and bond as required by applicable municipal ordinances; (2) awarding the contract to Fanebust, an "unsafe and dangerous" contractor, and known by the City to be such; (3) entering a contractual agreement which required the use of dynamite without establishing any standards in respect to its use or any procedures for supervision or control designed to safeguard the health and well being of those working in the area; and (4) allowing Fanebust to continue with the work and use of dynamite without supervision and control in violation of a duty owed to Hagberg.

The case has had an interesting but somewhat protracted procedural history. A complaint was originally filed July 19, 1966, against the City of Sioux Falls and Duane Fanebust, doing business as Duane W. Fanebust Construction Company, a citizen of the State of South Dakota, by Roy Hagberg, as guardian ad litem of Glenn Hagberg, the former a citizen of Minnesota and the latter a citizen of the State of South Dakota. Both defendants answered separately, the City cross claiming against Fanebust for any damages attributed to it. In its separate answer the defendant City also moved that the action be dismissed as to it for the reason that at all times pertinent the City of Sioux Falls was acting in a governmental capacity and hence immune from liability. In an opinion by this court dated and filed January 30, 1967, and for the reasons expressed

therein, this motion was denied. Subsequently, the defendant City again moved for a dismissal, but this time for the reason that this court did not have jurisdiction in that Glenn F. Hagberg and both defendants were citizens of the State of South Dakota, there thus being no diversity. It was the defendant City's contention that it was Glenn Hagberg's citizenship which was determinative and not that of his guardian ad litem. By an order of this court dated June 16, 1967, this motion was granted.

On June 23, 1967, an action was commenced by Roy Hagberg, as general guardian of the person and estate of Glenn Hagberg, against the City of Sioux Falls alone. The appointment of Roy Hagberg as general guardian thereby satisfied the diversity requirement. See Mexican Central Railway Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245 (1903); and Fallat v. Gouran, 220 F.2d 325 (3 Cir. 1955). The amount in controversy being over $10,000, the jurisdictional elements were therefore fulfilled. 28 U.S.C.A. Sec. 1332.

Defendant asserts as grounds for its motion for summary judgment the following: (1) that plaintiff is prohibited from maintaining this action for failure to make application for leave of court to give late notice to the city within one year from the date of the accident; (2) that as a matter of law there is no duty owed on the part of an employer of an independent contractor to an employee of the latter; (3) that the award of a contract to Fanebust was a discretionary act and the City is therefore immune from any liability based upon the selection of an incompetent contractor; (4) that as a matter of law there is no duty owed to an employee of an independent contractor to appoint a competent contractor for him; and (5) that the fact that Fanebust did not obtain a blasting permit and the City failed to see that he obtained one, would not render the City liable for the reason that a municipality is not liable for the failure to enforce its ordinances.

Rule 56 provides, in part, as follows: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c).

In considering a motion of this nature the court must be mindful of several well recognized principles. The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue as to a material fact. Bryan v. Aetna Casualty & Surety Co., 381 F.2d 872 (8 Cir. 1967). Any doubt as to the existence of such an issue is resolved against him. Union Transfer Co. v. Riss & Co., 218 F.2d 553 (8 Cir. 1955); Parmelee v. Chicago Eye Shield Co., 157 F.2d 582 (8 Cir. 1946). Furthermore, it is to be borne in mind that facts asserted by the party opposing the motion which are supported by evidentiary material must be taken as true. Furton v. City of Menasha, 149 F.2d 945 (7 Cir. 1945).

It should be noted at this juncture, however, that this is not in all respects a true summary judgment motion. In other words, with respect to certain contentions raised by the defendant, (e. g., the duty owed to an employee of an independent contractor), the court is not necessarily concerned with the existence or nonexistence of issues of material fact and whether or not the moving party is entitled to judgment as a matter of law. In a case of this nature those determinations would normally be peculiarly involved with the question of negligence. But here, however, the determination of duty presents itself one step prior to the consideration of negligence. It therefore becomes a question of whether, after assuming certain allegations raised by the plaintiff, the defendant is still entitled to judgment as a matter of law.[1]

---

1. This is also true with regard to the City's claim of immunity in selecting a contractor.

■ Inasmuch as the accident occurred in South Dakota, the substantive law of that state is controlling. Billingsley v. Westrac Company, 365 F.2d 619 (8 Cir. 1966); Knapp v. Stryer, 280 F.2d 384 (8 Cir. 1960). The questions presented by this motion are, for the most part, novel in that jurisdiction. It therefore becomes incumbent upon this court to arrive at the decision likely to be reached by the South Dakota Supreme Court if the matters were before that tribunal. American Service Mutual Ins. Co. v. Bottum, III, 371 F.2d 6 (8 Cir. 1967).

*The Matter of Statutory Notice to the City*

Involved here is SDC 45.1409 (1939), as amended, Laws 1961, c. 251, which provides as follows:

"No action for the recovery of damages for personal injury or death caused by its negligence shall be maintained against any municipality unless written notice of the time, place, and cause of injury is given to the auditor or clerk by the person injured, his agent, or attorney within sixty days after the injury. *Where the person injured is a minor, or is mentally or physically incapacitated, the court in its discretion, may grant leave to serve such notice within a reasonable time after the expiration of the period of disability, provided that the application for such leave is made within a year from the happening of the event upon which the claim is based.*

"Such notice shall not be deemed invalid or insufficient by reason of any inaccuracy in stating the time, place, or cause of injury, if it is shown that there was no intention to mislead and that the governing body was not misled thereby.

"Any action for such recovery must be commenced within two years from the occurrence of the accident causing the injury or death." (Emphasis added).

The italicized part was added by amendment in 1961 and is the portion of the statute which is of particular import here. No claim has been made that written notice was given to the City within the sixty day period.

On July 28, 1966, after the first action had been commenced and some five days prior to the expiration of the one year period, application was made to this court for leave to serve late notice upon the City. Upon a proper showing, such leave was granted that same day and notice was given pursuant thereto. Because of the jurisdictional defect indicated supra, this transpired at a time when this court was without jurisdiction. When the action was again commenced after the original suit had been dismissed, the one year period contemplated by SDC 45.1409 had since lapsed. Plaintiff was thereby precluded from renewing his application and was forced to rely on the original one. In view of this fact, defendant contends that application was not made within one year from the date of the occurrence on which the claim is based and plaintiff must necessarily be barred from maintaining this action. Relied upon by the defendant as authority for this contention are the principles that "(a) court without jurisdiction has no power to adjudicate but can only dismiss for lack of jurisdiction. * * *", Panhandle Eastern Pipe Line Co. v. Federal Power Comm'n., 343 F.2d 905 (8 Cir. 1965); and further, that "in the absence of statute, and where the answer seeks no affirmative relief, a dismissal * * * leaves the situation as if the suit had never been filed and carried with it previous rulings and orders in the case." Annot. 11 ALR2d 1407, 1411. The court concedes the validity of defendant's authorities as general principles of law, but does not feel that they can be invoked to bar the maintenance of plaintiff's claim here.

There have been no cases reported in South Dakota interpreting this statute since its amendment. Nor for that matter has any case been found in any other jurisdiction in which this precise question has been raised. In placing the proper construction upon a statute, how-

ever, the South Dakota Supreme Court has stated:

"The first and fundamental rule is that the court should ascertain and give effect to the intention of those who enacted the law. To do this the court should bear in mind the object sought to be accomplished by the law; and to ascertain this object it should consider the occasion and necessity of its enactment, the defects or evils in the former law, and the remedy provided by the new one. The statute should then be given that construction which is best calculated to advance its object by suppressing the mischief and securing the benefits intended. 36 Cyc. 1106 and 1110. It should always be remembered that a thing which is within the intention of the enactors of a statute is as much within the statute as if it were within the letter thereof; and a thing which is within the letter of the statute is not within the statute, unless it .be within the intention of the enactors thereof." State ex rel. Cook v. Polley, 30 S.D. 528, 533, 139 N.W. 118, 120 (1912).

In Inlagen v. Town of Gary, 34 S.D. 198, 147 N.W. 965, 966, (1914), the purpose of the original statute was declared to be:

" * * * to apprise the town or city of the fact that an accident, for which damages will be claimed, has occurred, in order that the officers of such city or town may have an opportunity to investigate the cause of such accident, if any, while the conditions which resulted in said accident are, as nearly as may be, the same as when the accident occurred."

Presumably, the legislature still had this in mind when the statute was amended in 1961. It was felt, however, that under the old law if a person be for some reason incapable of giving notice within the sixty day period, the statute should not preclude him from maintaining his claim. It was under these circumstances that the Court in Burkard v. City of Dell Rapids, 76 S.D. 56, 72 N.W.2d 308

(1955), held that the failure to give notice within the sixty day period was excused. The legislature therefore provided that one could make application for leave to give notice and the court in its discretion could grant such leave, providing that it be shown that for one of those reasons specified such person had not given notice within the normal period prescribed.

The statute indicates that "the court" in its discretion may grant leave to serve notice upon the municipality. Obviously, application for such leave must be made to the same "court." The terminology, "the court", must be taken to mean, as plaintiff contends, "the court where the action may be properly brought for trial." As is evidenced by the present suit, this action may properly be brought in this court. Admittedly, it was not properly instituted here in the manner in which it was originally filed, for at that time there was an absence of diversity. But the jurisdictional defect was easily cured by the appointment of a general guardian. It is not the same as the situation where the jurisdiction of this court could never be invoked at all. To now sustain defendant's contention would be tantamount to saying that because of an unanticipated technicality, plaintiff is not entitled to his day in court, a declaration which this court is not prone to make. The legislature merely contemplated that before one be allowed to serve late notice, he must make a showing that for one of the reasons specified he did not give notice within the sixty day period. That showing was made to the satisfaction of this court upon an application made within one year from the date of the occurrence on which the claim is based. Although it may have not specifically been within the letter of the statute, it certainly must have been within the intention of the enactors thereof. State ex rel. Cook v. Polley, supra.

The essence of defendant's argument is that to uphold that which transpired as being effective notice to the City would amount to an unwarranted exten-

sion of this court's jurisdiction, legal and equitable, beyond that which it has been specifically granted. To give countenance to this contention, however, is merely to confuse the issue. On the contrary, it is rather a determination of whether the South Dakota Supreme Court would regard the notice requirement as having been fulfilled. The effect is as though the action, after having been dismissed here, was then instituted in the state court and is now before the supeme court for ultimate decision. That court has indicated its hesitance to allow a municipality to shield itself behind the statute where the interests of justice dictated otherwise. Burkard v. City of Dell Rapids, supra; Walters v. City of Carthage, 36 S.D. 11, 153 N.W. 881 (1915); Inlagen v. Town of Gary, supra. It would seem reasonable to assume that a similar sentiment would prevail under circumstances such as these.

Furthermore, it is not as though the notice given pursuant to an order of this court first let it be known to the City that an accident had occurred and an action for damages might be forthcoming. Within minutes after the accident happened, the city engineer arrived at the scene to investigate. Then too, plaintiff's counsel, by letter dated November 3, 1965, gave written notice to the city auditor. The court is cognizant of the fact that as a general rule, the statutory notice is interpreted as being mandatory, City of Louisville v. Verst, 308 Ky. 46, 213 S.W.2d 517 (1948); United States v. City of Minneapolis, 68 F.Supp. 585 (D.C.Minn.1946); and further, that actual notice of all the facts is no substitute for the statutory notice [2], Touhey v. Decatur, 175 Ind. 98, 93 N.E. 540, 32 L.R.A.,N.S., 350 (1911); Winter v. Niagara Falls, 190 N.Y. 198, 82 N.E. 1101 (1907). As such, neither of these facts which put the City on notice prior to plaintiff's application would, in and of itself, have been sufficient. But the court believes that the sum total of all which has transpired must be that the City received all that it was due.

*The Duty Owed by an Employer of an Independent Contractor to an Employee of the Latter Where the Work Contracted for is Intrinsically Dangerous.*

The defendant has assumed for the purposes of this ground for its motion for summary judgment that Fanebust was, in fact, an independent contractor. Plaintiff apparently concedes his status to be such in view of the arguments in the briefs submitted. Upon examination of all material available, the court can perceive no issue of material fact which would necessitate a different conclusion.

Generally speaking, an independent contractor is liable for his own negligence, the employer being immune. Cain v. Meade County, 54 S.D. 540, 223 N.W. 734 (1929). Where, however, the work contracted for is of such a character that it is intrinsically dangerous, one contracting to have it done may be liable for the injuries sustained by other persons. McCarrier v. Hollister, 15 S.D. 366, 89 N.W. 862 (1902). In McCarrier, the South Dakota Supreme Court held that an excavation in connection with the construction of a sewer was intrinsically dangerous. Id. at 863. The actual excavating and the use of explosives in connection therewith would certainly make it nonetheless so.

In its simplest terms, the issue is this: Does the duty owed by the employer, where the work contracted for is intrinsically dangerous, extend to an employee of the independent contractor?

The authorities cited by the defendant are indeed exhaustive. The case of Humble Oil and Refining Company v. Bell, 180 S.W.2d 970 (Tex.Civ.App. 1943), is of particular interest, partially because of the similarity of the facts

---

2. A careful reading of the case of Inlagen v. Town of Gary, 34 S.D. 198, 147 N.W. 965 (1914), however, would seem to indicate that actual notice of the facts surrounding the accident ascertained upon an investigation, is entitled to some weight in determining the necessity of a very strict compliance with the statute.

there to the ones in the case at bar[3]. The court, in reversing a verdict for the plaintiff, stated:

"The rule imposing liability on the employer is for the protection of third persons, not for the protection of the contractor's servant, and the latter cannot hold the employer responsible for the contractor's negligence in blasting in a municipal street, solely upon the theory that the work was a nuisance or was intrinsically dangerous." Id. at 975.

The rule would appear to be the same in some of the other jurisdictions. Welker v. Kennecott Copper Co., 1 Ariz. App. 395, 403 P.2d 330 (1965); Epperly v. City of Seattle, 65 Wash. 777, 399 P.2d 591 (1965); Florida Power & Light Co. v. Price, 170 So.2d 293 (Fla.1964); Vecchio v. Anheuser-Busch, Inc., 328 F. 2d 714 (2 Cir. 1964); Wallach v. United States, 291 F.2d 69 (2 Cir. 1961); Wellman v. East Ohio Gas Co., 160 Ohio St. 103, 113 N.E.2d 629 (1953). Contrariwise, however, there are a number of jurisdictions in which it has been indicated that such a duty exists. Giarratano v. Weitz Company, 147 N.W.2d 824 (Ia.1967); International Harvester Co. v. Sartain, 32 Tenn.App. 425, 222 S.W.2d 854 (1949); Jennings v. Vincent's Administratrix, 284 Ky. 614, 145 S.W.2d 537 (1940); Mallory v. Louisiana Pure Ice & Supply Co.[4], 320 Mo. 95, 6 S.W.2d 617 (1928); and Watson v. Black Mountain R. Co.[5], 164 N.C. 176, 80 S.E. 175 (1913).

Arguments pro and con have been advanced concerning each proposition. As indicated supra, however, this court is not at liberty to make an independent determination as to the rule to be adopted here without regard to applicable South Dakota law. In Yarrow v. Sterling Drug, 263 F.Supp. 159 (D.C.S.D.1967), this court indicated its cognizance of the fact that the South Dakota Supreme Court has, in the past, had a tendency to look to the Restatement "when no South Dakota precedent existed or for supporting authority in determining a rule of law." Id. at 161 (citations at n. 1 thereunder). In this connection, the Restatement of Torts 2d, Sec. 427, provides:

"One who employs an independent contractor to do work involving a special danger to *others* which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger." (Emphasis added).

This section is a different form of the rule provided in Sec. 416, Comment a., Rest.Torts 2d Sec. 416. Sec. 427 is the rule which indicates the " * * * liability of the employer for negligence of the contractor in doing work which is 'inherently' or 'intrinsically' dangerous." Comment b., Rest.Torts 2d, Sec. 427. The question remains, however, whether

3. There the plaintiff was an employee of one Hancock, an independent contractor hired by the defendant to construct a slush pit which required, during the course of its construction, certain blasting operations. Several holes were made and two sticks of dynamite were placed in each hole, but it did not all detonate when the holes were "shot." When the plaintiff, a night watchman, entered the pit and lighted a fire to keep warm, the remaining charges exploded, inflicting injuries upon him.

4. In Salmon v. Kansas City, 241 Mo. 14, 145 S.W. 16, 39 L.R.A.,N.S., 328 (1912), under circumstances even more similar to those here than involved in Humble

Oil and Refining v. Bell, supra, the court indicated that if a duty was owed by the City it was to the public and not to the servants of the contractor. The court in Mallory v. Louisiana Pure Ice & Supply Co., however, limits the effect of the Salmon case and would seem to indicate that a duty does exist, where the work is intrinsically dangerous. Beyond this, I am inclined to agree with the defendant in his contention that Mallory is not authority in support of the plaintiff under the facts of this case.

5. It is not clear from this opinion, though, whether the injured person was an employee of the defendant or the independent contractor.

an employee of an independent contractor is included within the meaning of the word "others" to which this section refers. In Woolen v. Aerojet General Corporation, 57 Cal.2d 407, 20 Cal. Rptr. 12, 15, 369 P.2d 708, 711 (Calif. 1962), the California Supreme Court noted:

> "We have held that employees of an independent contractor come within the word 'others' in sections 414 and 428 of the Restatement of Torts which, like section 413, set forth rules relating to the liability of one hiring an independent contractor. (Citations omitted). There is no reason to hold otherwise with respect to section 413." [6]

Likewise, in Associated Engineers, Inc. v. Job, 370 F.2d 633, 645 (8 Cir. 1966), Judge Blackmun, in writing an opinion of the court involving South Dakota law, indicated that the duty imposed by Sec. 413 would probably extend to an employee of an independent contractor under the circumstances involved there.

There can be seen no logical justification for the imposition of a different conclusion with respect to Sec. 427, and the court is therefore of the opinion that an employee of an independent contractor is so included within the purview of that rule. The Iowa Supreme Court has so held. Giarratano v. Weitz Company, 147 N.W.2d 824, 834 (Ia.1967); contra, Welker v. Kennecott Copper Co., 1 Ariz.App. 395, 403 P.2d 330 (1965). If an employer is not absolved from his duty of care because of the nature of the work to be performed by the independent contractor, an employee of the latter should not be precluded from receiving the benefit of that duty solely on the basis of his relationship to the independent contractor.[7]

■ No intimation is made with respect to the liability involved here. That determination necessarily presents genuine issues of material fact which must be resolved at the trial. The court is merely of the opinion that a duty is owed by an employer to the employee of an independent contractor where the work contracted for is intrinsically dangerous.

■ The conclusions which have been reached would ordinarily not require a determination of defendant's other contentions at this juncture, for the reason that Rule 56 does not contemplate "a partial summary judgment," as such. Biggins v. Oltmer Iron Works, 154 F.2d 214 (7 Cir. 1946); Driver v. F. A. Mitchell Co., 35 F.R.D. 226 (E.D.Pa.1964). It has been stated, however, that "(t)he manifest purpose of the rule is to strike sham claims and defenses which obstruct a prompt determination of real issues." Caylor v. Virden, 217 F.2d 739, 742 (8 Cir. 1955). The court may therefore enter an order pursuant to Rule 56(c) limiting the issues to be tried. Driver v. Mitchell, supra; Atlas Aluminum Corp. v. Borden Chemical Corp., 233 F. Supp. 53 (E.D.Pa.1964). A further determination is thus in order.

---

6. See also Van Arsdale v. Hollinger, Cal. App., 66 Cal.Rptr. 20, 437 P.2d 508 (Feb. 21, 1968), in which it was held that the duty imposed by Sec. 416 was owed by a municipality to an employee of an independent contractor.

7. One of the reasons defendant urges the adoption of the proposition that the principal employer owes no duty to an employee of an independent contractor is because of the workmen's compensation law. See Welker v. Kennecott Copper Co., 1 Ariz.App. 395, 403 P.2d 330 (1965). It is true that the rights and remedies under the workmen's compensation laws are exclusive of all others. SDC 64.0104 (1939). This, however, is as against his immediate employer. In the reporter's notes to Chapter 15 of the Tentative Draft of the Restatement of Torts 2d, it is indicated that an employee is generally not to be included within the purview of the applicable sections because of the workmen's compensation laws. Richardson v. United States, 251 F.Supp. 107 (W.D.Tenn., 1966). It is significant to note, however, that this comment was not included in the final publication. Gowdy v. United States, 271 F.Supp. 733, 746 (W.D.Mich.1967).

### The Selection of an Incompetent Contractor and the Duty Owed to an Employee to Select a Competent Contractor For Him

The defendant contends that a municipality is immune from liability for selecting an incompetent contractor (assuming Fanebust was in fact an incompetent contractor and the City of Sioux Falls had actual or constructive knowledge of his incompetence), for the reason that the award of a contract is a discretionary function. Secondly, it is asserted that there is, as a matter of law, no duty owed to an employee of an independent contractor to select a competent contractor for him. The court agrees with defendant on both contentions.

The status of municipal immunity in South Dakota is not entirely clear. On the basis of past decisions of the South Dakota Supreme Court, however, this court, in an unpublished opinion dated January 30, 1967, declared that the construction of sewers by a municipality is not a governmental function. Although that decision was reached at a time when this court was without jurisdiction, that holding is hereby incorporated by reference herein and expressly made a part hereof. This does not mean to say, however, that by engaging in a proprietary function a municipality is precluded from asserting immunity at all times in connection therewith. In Walters v. City of Carthage, supra, it was observed:

"It is well settled that municipal corporations have certain powers which are discretionary or judicial in character, and also certain powers which are ministerial. They will not be held liable in damages for the manner in which they exercise in good faith their discretionary powers of a public character, but are liable for damages caused by their negligence when their duties are ministerial. A municipal corporation acts judicially when it selects a plan for some public improvement; but as soon as it begins to carry out the plan it acts ministerially and is bound to see that the work is done in a safe manner." Id. 153 N.W. at 882.

The rule would appear to be the same in a majority of the other jurisdictions. 38 Am.Jur., Municipal Corporations Secs. 633, 634, 635. SDC 1960 Supp. 65.0701–2 provides that "all contracts of any public corporation", equal to or in excess of one thousand dollars, "must be let to the lowest responsible bidder." This is necessarily a discretionary act and although it may be the last act before a definitive plan is carried out, it would seem to be the very essence of a "discretionary power." Walters v. City of Carthage, supra; cf. Lipka v. United States [8], 249 F. Supp. 213 (N.D.N.Y.1965). Accordingly, there can be no liability on the part of a municipality for the selection of an incompetent contractor.

This assumes, of course, that the exercise of the power was made in "good faith," Walters v. City of Carthage, supra, a determination which cannot be made here. The consideration of that issue does not appear material, however, for the court feels that there can be no duty owed to an employee to appoint a competent contractor for him. The decisions are uniformly in accord. Matanuska Elec. Ass'n., Inc., v. Johnson, 386 P.2d 698 (Alaska 1963); Salmon v. Kansas City, 241 Mo. 14, 145 S.W. 16, 39 L.R.A.,N.S., 328 (1912); Lipka v. United States, 369 F.2d 288 (2 Cir. 1966); Schip v. Pabst Brewing Co., 64 Minn. 22, 66 N.W. 3 (Minn.1896). No decision has been found in which it has been stated that such a duty exists. It would be idle to assume that this court is at liberty to dictate a different conclusion.

### The Liability of a Municipality for the Failure to Enforce Its Ordinances

Plaintiff's allegations with respect to the municipal ordinances re-

---

8. This case is distinguishable inasmuch as it deals specifically with a statutory exception (the exercise of a discretionary function) to the governmental waiver of immunity under the Federal Tort Claims Act. 28 U.S.C.A. Sec. 2680. The decision, however, is sound in principle.

**470**

quiring a blasting permit, bond, etc., are completely untenable. It is well settled that:

> "The enactment and enforcement of ordinances are the exercise of governmental functions; and a municipality is not civilly liable for its failure to enact, enforce, or comply with ordinances, or for injury occurring while the operation of an ordinance is suspended under the action of the municipality." 63 C.J.S. Municipal Corporations § 769, p. 64.

See also Bean v. City of Moberly, 350 Mo. 975, 169 S.W.2d 393 (1943); Bidinger v. City of Circleville, 177 N.E.2d 408 (Ohio App.1961); cf., O'Rourke v. City of Sioux Falls, 4 S.D. 47, 54 N.W. 1044, 19 L.R.A. 789 (1893).

Furthermore, it appears abundantly clear that the failure of the City of Sioux Falls to enforce its ordinances was not the proximate cause of the accident. It is true, as plaintiff contends, that the violation of the ordinance by Fanebust could very well have been negligence per se, and not merely prima facie evidence of negligence. Zakrzewski v. Hyronimus, 81 S.D. 428, 136 N.W.2d 572 (1965). But this assumes, of course, that "other elements of negligence occur." McCleod v. Tri-State Milling Co., 71 S.D. 362, 24 N.W.2d 485, 487 (1946). It is elementary that one such element is that the violation of the ordinance must be the proximate cause of the accident. Zeller v. Pikovsky, 66 S.D. 71, 278 N.W. 174 (1938). If a causal connection is absent in one's failure to comply with a municipal ordinance, it must correspondingly be absent in a suit against a municipality for its failure to enforce it.

It is therefore ordered that the allegations in plaintiff's complaint concerning the selection of an incompetent contractor and the violations of municipal ordinances be stricken insofar as they purport to be proper theories of liability of the City of Sioux Falls. Considera-

tion of the contractor's competence may be relevant as to the extent to which the City of Sioux Falls should have seen that the contractor took precautions under Sec. 427.