**James SHAEFFER, by his guardian, Patrick Shaeffer, Plaintiff,**

**v.**

**The CITY OF CANTON, a Municipal Corporation in and for the State of South Dakota, and Leon Yelinek, Defendants.**

**Civ. No. 71–41S.**

United States District Court, D. South Dakota, S. D.

Feb. 14, 1972.

Sam W. Masten, Canton, S. D., for plaintiff.

Acie W. Matthews, of Willy, Pruitt & Matthews, Sioux Falls, S. D., for defendants.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This Court has before it two motions. The first is plaintiff's motion for leave to amend paragraph seven of his complaint to include an allegation that notice of the injury was given to the defendant city within a reasonable time under all the circumstances. That motion is granted.

The second is the defendant, City of Canton's, motion for summary judgment. Rule 56 of the Federal Rules of Civil Procedure requires this Court to grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The pleadings, answers to interrogatories and the supporting affidavits show the following undisputed facts. On June 17, 1968, plaintiff, age 11, was in the process of registering for little league baseball which was sponsored by the defendant, City of Canton. The defendant, Leon Yelinek, was supervising the activities at the direction of the defendant, City of Canton. During the registration plaintiff was struck in the eye by a baseball, suffering the injuries which he now complains of.

Notice of the time, place and cause of injury was not given to the city auditor or clerk within 60 days after June 17, 1968, the date of the injury. Application for leave of court to file notice within a reasonable time was not made within one year from June 17, 1968. In fact no such application has ever been made. One John A. Shaeffer did send a letter of notice to the Canton City Attorney on August 4, 1969. This suit was commenced on June 15, 1971. Thus for the purposes of this motion, there is no genuine issue as to any material fact.

Whether or not the moving party, defendant City of Canton, is entitled to a judgment as a matter of law is a more difficult question. South Dakota Compiled Laws Ann. Secs. 9–24–2 & 3 (1967) bar suit against a municipality unless written notice of the time, place and cause of the injury is given to the city auditor or clerk. Such notice must be given within 60 days after the injury occurred or within a reasonable time, provided the injured person is a minor and leave of court is obtained within a year from the injury. South Dakota Compiled Laws Ann. Sec. 15–2–22 (1967) tolls the statute of limitations for infants until one year after the infant reaches his majority.

It is plaintiff's theory that under South Dakota Compiled Laws Ann. Secs. 9–24–2 & 3 (1967), actual notice should be sufficient. As authority plaintiff cites Hagberg v. City of Sioux Falls, 281 F.Supp. 460 (D.C.S.D.1968), decided by this Court. In that case leave was granted to plaintiff to give notice to the city five days before the one year limitation in South Dakota Compiled Laws Ann. Sec. 9–24–3 (1967) had run. Because of a jurisdictional defect, the complaint was dismissed and a new suit commenced more than one year after the

date of the injury. This Court allowed the original application, made within one year, to stand, holding that that was within the intention of the legislature. Additionally, the Court noted that written notice was given to the city auditor within 93 days and the city had immediate actual notice.

While this Court said in Hagberg v. City of Sioux Falls, 281 F.Supp. 460, 466 (D.C.S.D.1968), that "the sum total of all which has transpired must be that the City received all that it was due", it held that the actual notice was not sufficient, in and of itself. However, when combined with the application to the court within the statutory limit, it would be sufficient. Thus the present case is distinguishable since no application has been made to this Court for leave to file notice within one year. In addition the only letter of notice was given over one year after the injury.

Plaintiff further urges that the purpose of South Dakota Compiled Laws Ann. Secs. 9–24–2 & 3 (1967) is to protect the municipality against fraud arising out of stale claims. No fraud could arise where an individual is incapable of giving notice. He argues that the legislature has recognized the inability of infants to act until their majority and cites South Dakota Compiled Laws Ann. Sec. 15–2–22 (1967). Therefore he concludes that the notice required presupposes the existence of an individual capable of giving it. That essentially was the holding in Artukovich v. Astendorf, Cal., 125 P.2d 16 (1942).

In Artukovich, 125 P.2d at 19, the court held that to deny infants their day in court for failure to give the statutory notice "would in effect result in depriving them of the right of action given them by the statute." California had no provision like South Dakota Compiled Laws Ann. Sec. 9–24–3 specifically mentioning minors and extending the time for them to give notice. Thus the legislature in South Dakota has specifically limited the statutory rights of minors by requiring notice and that case is distinguishable.

Though this Court may not agree with the wisdom of a statute which requires an infant to give notice he is incapable of giving, we are bound by the express mandate of the legislature. Thus the defendant City of Canton is entitled to a judgment as a matter of law and summary judgment is granted to it.

This decision does not affect the rights and liabilities as between the plaintiff and the defendant, Yelinek.